788 So.2d 1109 (2001)
The STATE of Florida, Appellant,
v.
Carlos M. FIGAROLA, Appellee.
No. 3D00-1371.
District Court of Appeal of Florida, Third District.
July 5, 2001.
*1110 Robert A. Butterworth, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, and RAMIREZ, JJ.
RAMIREZ, J.
The State of Florida appeals the trial court's dismissal of child abuse charges against appellee Carlos M. Figarola. We affirm because Figarola's behavior constituted reasonable parental discipline, and thus did not form a basis to convict him of child abuse under section 827.03(1), Florida Statutes (1999).[1]
On June 19, 1999, Figarola struck his son Carlos twice when Carlos refused to eat the dinner which Figarola had prepared and served. As a result, Carlos' lip was split. Figarola then forced Carlos to eat the dinner, causing him to choke.[2] Figarola was charged with felony child abuse. He subsequently moved to dismiss the charge against him. Figarola alleged that the undisputed facts did not set forth a prima facie case of guilt pursuant to Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999), where a mother slapped her child across the face, leaving a bruise and redness. The State conceded that the trial court was required to grant Figarola's motion under Wilson.
The State urges this Court to reverse the order of dismissal based on a subsequent decision from the Fourth District in Raford v. State, ___ So.2d ___, 26 Fla. L. Weekly D246, 2001 WL 40265 (Fla. 4th DCA Jan.17, 2001), which affirmed Raford's conviction of third-degree child abuse where he had struck his child three times with a belt that left welts. Although we agree with the Second District in State v. McDonald, 785 So.2d 640 (Fla. 2nd DCA 2001), that whether corporal punishment of a child was excessive so as to constitute the crime of child abuse is a question of fact, we decline to reverse the trial court on the record before us.
The legislature has recognized three different levels of excessive corporal punishment of a child. The first is civil child *1111 abuse under section 39.01, Florida Statutes (1999). Abuse is defined in section 39.01(2) as "any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." It further states: "Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child." Harm is defined in section 39.01(30), Florida Statutes (1999).[3] The second level of excessive corporal punishment would be simple child abuse, the charge against Figarola, and constitutes a third-degree felony. The most severe violation would be aggravated child abuse, a first-degree felony. See Section 827.03(2), Florida Statutes (1999).
In McDonald, supra, McDonald spanked his six-year old daughter which caused dark bruises on the child's buttocks, upper thigh, and upper back that required medical attention. The State charged McDonald with child abuse under section 827.03(1), Florida Statutes (1999) characterizing the act as an unjustifiable beating. McDonald moved to dismiss the charge against him arguing that he was exempt from prosecution because he was a parent employing corporal punishment. The district court reversed the order of dismissal stating that when the charged conduct involves excessive discipline by a parent, whether the exercise of corporal punishment constitutes child abuse is a question of fact. Although disagreeing with the reasoning in Wilson, the court nevertheless did not disagree with the outcome, as it was inclined to believe that the act of discipline in Wilson would not constitute even simple child abuse under the analysis it was applying to McDonald's disciplinary acts.
In this case, as in Wilson, the record before us does not show that the parent's behavior was so excessive or unreasonable and beyond the scope of parental discipline so as to constitute child abuse. There is no allegation that Figarola inflicted significant bruises or welts. See § 39.01(30)(a)4.k. Additionally, the State has not alleged that the child needed medical treatment as in McDonald. Furthermore, unlike the parent's act of discipline in Raford, Figarola did not intend to inflict injury upon his son and did so accidentally.
We therefore find that, under the record before us, the circumstances of this case do not rise to the level of child abuse.
Affirmed.
NOTES
[1] Section 827.03(1) provides, in pertinent part:

"Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.
[2] The facts of this case are derived entirely from Figarola's Sworn Motion to Dismiss.
[3] Section 39.01(30) states:

"Harm" to a child's health or welfare can occur when any person:
(a) Inflicts or allows to be inflicted upon the child physical, mental, or emotional injury. In determining whether harm has occurred, the following factors must be considered in evaluating any physical, mental, or emotional injury to a child: the age of the child; any prior history of injuries to the child; the location of the injury on the body of the child; the multiplicity of the injury; and the type of trauma inflicted. Such injury includes, but is not limited to:
. . . .
4. Inappropriate or excessively harsh disciplinary action that is likely to result in physical injury, mental injury as defined in this section, or emotional injury. The significance of any injury must be evaluated in light of the following factors: the age of the child; any prior history of injuries to the child; the location of the injury on the body of the child; the multiplicity of the injury; and the type of trauma inflicted. Corporal discipline may be considered excessive or abusive when it results in any of the following or other similar injuries:
. . . .
k. Significant bruises or welts.