847 So.2d 589 (2003)
Leah GRYPHON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-149.
District Court of Appeal of Florida, Fifth District.
June 20, 2003.
*590 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Leah Gryphon appeals his judgment and the subsequent sentence rendered for aggravated child abuse in violation of section 827.03(2), Florida Statutes (1997). Gryphon asserts that the trial court committed fundamental error in instructing the jury *591 using the then existing standard jury instructions regarding the definition of malice instead of using the definition provided by the Florida Supreme Court in State v. Gaylord, 356 So.2d 313 (Fla.1978).[1] The issue we must resolve is whether Gryphon should be granted a new trial because of the lower court's failure to provide the Gaylord definition of malice to the jury in its instructions. We agree with Gryphon that this failure constitutes fundamental error and reverse.
On October 19, 2001, Gryphon was convicted of one count of aggravated child abuse in violation of section 827.03(2), Florida Statutes (1997), a second-degree felony, for incidents that allegedly occurred with his daughter between August 1 and December 13, 1998. Gryphon moved for a new trial and the trial court ultimately denied the motion without prejudice. Gryphon appealed, asserting that he was denied a fair trial due to prosecutorial misconduct and that fundamental error occurred concerning the use of the standard jury instruction for aggravated child abuse, specifically as it defined "malice." Because the latter issue determines the resolution of this appeal, we will not address the issue regarding the alleged misconduct.
Section 827.03(2), as it read at the time of the alleged offense in the instant case, defined aggravated abuse of a child as when a person
(a) [c]ommits aggravated battery on a child;
(b) [w]illfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
(c) [k]nowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.
§ 827.03(2), Fla. Stat. (1997) (emphasis added).
The Florida Supreme Court has answered the question whether "the giving of the standard jury instruction for aggravated child abuse [is] fundamental error when the instruction inaccurately defines the disputed element of malice" in the affirmative under certain circumstances. Reed v. State, 837 So.2d 366, 367-68 (Fla. 2002). In Reed, the petitioner raised the issue of the malice definition in the Florida Standard Jury Instructions for the first time on appeal. The district court affirmed the petitioner's conviction, holding that: 1) the issue was not preserved for review because the appellant made no objection during trial and 2) even if the error was fundamental, any such error would be harmless given "the overwhelming evidence of guilt and the fact that the prosecutor did not misuse the incorrect instruction...." Reed v. State, 783 So.2d 1192, 1198 (Fla. 1st DCA 2001), quashed, 837 So.2d 366 (Fla.2002). The Florida Supreme Court disagreed, holding that "the failure to use the correct definition is fundamental error in cases in which the essential element of malice was disputed at trial" and quashed and remanded for further proceedings. Reed, 837 So.2d at 369.
In Reed, the supreme court examined the standard jury instructions in effect prior to 2002 that defined malice, or "maliciously," as it is used in the statute, as "wrongfully, intentionally, without legal justification or excuse." Fla. Std. Jury *592 Instr. (Crim.) 16.1. In contrast, the court in Gaylord previously held that "the term `maliciously' ... provide[s] a definite standard of conduct understandable by a person of ordinary intelligence [and that] [m]alice means ill will, hatred, spite, an evil intent." Gaylord, 356 So.2d at 314. The latter definition provides a more stringent standard when examining the intent element of the offense. In other words, the State's burden of proof is directly related to the court's choice of definition for this key term contained in the aggravated child abuse statute.
In an earlier case, Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000), the First District Court explained the conflict between the Gaylord definition and the jury instruction definition of malice by stating:
The difference between the definition adopted in Gaylord and that included in the standard jury instruction is significant. The former is generally referred to as actual malice, or malice in fact; whereas the latter is generally referred to as legal, or technical, malice. Actual malice, or malice in fact, requires proof of evil intent or motive. In contrast, legal malice merely requires proof of an intentional act performed without legal justification or excuse. Legal malice may be inferred from one's acts, and does not require proof of evil intent or motive.
Id. at 728 (citations omitted); see also Ramsey v. State, 114 Fla. 766, 154 So. 855, 856 (1934) (distinguishing the "legal and technical sense of the word `malice' ... [as] a term of art importing wickedness and excluding a just cause or excuse" from the "commonly understood sense of ill will, hatred, spite, an evil intent.") (citations omitted).
The sole point warranting discussion, however, is whether the trial court's failure to use the definition of malice outlined in Gaylord constitutes fundamental error. Antecedent to its decision in Reed, the Florida Supreme Court rendered its decision in Stewart v. State, 420 So.2d 862 (Fla.1982), which we find to be instructive. In Stewart, the defendant alleged that the trial court "committed fundamental error by failing to instruct the jury on the intent to permanently deprive another of property as [a requisite] element of robbery." Id. at 863 (footnote omitted). Although affirming the defendant's conviction on other grounds, the Stewart court acknowledged that "[t]he district courts of appeal have considered this issue and have held that fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Id. (emphasis added) (citations omitted); see also Pratt v. State, 601 So.2d 619 (Fla. 2d DCA 1992) (holding the trial court's failure to instruct on the element of intent constituted fundamental error); Gibson v. State, 403 So.2d 1019, 1021 (Fla. 3d DCA 1981) (holding that "[t]he omission of the intent element from a robbery instruction is not fundamental error in the absence of a real dispute on that question.") (citing Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983)). Simply put, to constitute fundamental error, the omission (or selection of a particular definition, as in the instant case), must be a disputed element of the crime.
In the instant case, the State had the burden of proving that Gryphon had "willfully tortured or maliciously punished the child" to make a prima facie case of aggravated child abuse. § 827.03(2)(b), Fla. Stat. (1997). The prosecutor attempted to do this by emphasizing to the jury the definition of malice as outlined in the standard jury instructions. Furthermore, the trial court used these as yet unamended jury *593 instructions and defined maliciously as meaning "wrongfully, intentionally, without legal justification or excuse." Fla. Std. Jury Instr. (Crim.). Because the specific definition of malice is critical in determining whether the State has met all elements of section 827.03(2), it is evident that the meaning of malice is, in fact, in dispute.
In determining fundamental error in the instant case, a second step in the analysis is required. "It is fundamental error if the inaccurately defined malice element is disputed ... and the inaccurate definition `is pertinent or material to what the jury must consider in order to convict.' " Reed, 837 So.2d at 369 (emphasis added) (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). Because the initial criteria that the element be disputed is clearly met, this court must now determine if the disputed element was "pertinent or material." We hold that it was.
It is a longstanding principle that fundamental error is error that "reaches down into the legality of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the error alleged." Hamilton v. State, 88 So.2d 606, 607 (Fla.1956); see also Mc-Donald v. State, 743 So.2d 501, 505 (Fla. 1999); King v. State, 800 So.2d 734, 737 (Fla. 5th DCA 2001) ("If the trial court issues an incomplete or inaccurate jury instruction, fundamental error may occur if the error relates to an element of the crime.") (citations omitted); Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998); Jones v. State, 666 So.2d 995, 998 (Fla. 5th DCA 1996) (stating that the "trial court's giving of an incomplete and inaccurate instruction on the law during a jury instruction constitutes fundamental error where the error relates to an element of the offense.") (citing Ward v. State, 655 So.2d 1290, 1292 (Fla. 5th DCA 1995)).
We conclude that the use of the inaccurate (and less stringent) definition of malice "reduc[ed] the state's burden of proof on an essential element of the offense charged." Young, 753 So.2d at 729. The onus remained on the State to prove that Gryphon willfully tortured or maliciously punished a child and, under the correct definition of malice, the State had to prove that Gryphon acted with "`ill will, hatred, spite, an evil intent.'" Reed, 837 So.2d at 369 (quoting Gaylord, 356 So.2d at 314). Based on the record before us, in using the "wrongful, intentional and without any legal justification" standard, the State's lesser burden as to intent may have directly affected the jury's decision to convict. Therefore, the trial court's erroneous instruction on the proper definition of malice was fundamental error, and Gryphon should be granted a new trial.
REVERSED and REMANDED for new trial.
SHARP, W. and ORFINGER, JJ., concur.
NOTES
[1] The standard jury instructions at issue in the instant case are Florida Standard Jury Instructions (Criminal) for aggravated child abuse as originally adopted. The Florida Supreme Court adopted these instructions in 1981 and they remained unchanged until amended in June 2002. See Fla. Std. Jury Instr. (Crim.) 16.1 (2002); Standard Jury Instr. In Criminal Cases, 824 So.2d 881 (Fla. 2002).