903 So.2d 954 (2005)
Paul E. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-93.
District Court of Appeal of Florida, Second District.
February 4, 2005.
*955 Mark A. Gruwell of the Law Offices of Mark A. Gruwell, Sarasota, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Paul E. King, an administrator at Charlotte Regional Christian Academy, seeks review of his judgment and sentence for felony child abuse, which resulted from the paddling of one of his students. We conclude that the trial court erred in denying King's motion for judgment of acquittal because the injuries inflicted during the paddling do not constitute felony child abuse as a matter of law. Accordingly, we reverse King's conviction and remand for his discharge.
One of the disciplinary policies at Charlotte Regional Christian Academy is the use of corporal punishment, and the parent of each enrolled student signs a form consenting to the administration of the punishment. King testified that he spanked the eight-year-old student two times on her clothed buttocks with a wooden paddle as a punishment for cheating and lying. The paddling took place in a classroom away from other students and was witnessed by a school volunteer and King's wife. The student suffered significant welts and bruises on her buttocks as a result of the paddling, but did not require any medical treatment. Although her mother testified that the student had become withdrawn after the paddling, there was no evidence that she suffered any discernible impairment in her ability to function within her normal range of performance and behavior.
The State charged King with child abuse under section 827.03(1), Florida Statutes (2001), which makes it a third-degree felony to "knowingly or willfully abuse[ ] a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child." Child abuse is defined as intentionally inflicting physical or mental injury, committing an intentional act that is reasonably expected to result in physical or mental injury, or actively encouraging any person to commit such an act. Id. However, spankings that result in "significant bruises or welts" do not rise to the level of felony child abuse, which requires "more serious beatings that do not result in permanent disability or permanent disfigurement." See State v. McDonald, 785 So.2d 640, 646 (Fla. 2d DCA 2001), review denied, 837 So.2d 410 (Fla. 2003); see also Raford v. State, 828 So.2d 1012, 1019 (Fla.2002). Instead, this type of corporal punishment may constitute contributing to the dependency of a child, which is a first-degree misdemeanor under section 827.04, Florida Statutes (2001).[1]McDonald, 785 So.2d at 646.
We recognize that our holding on this issue seemingly contradicts the plain language of section 827.03(1). However, as we explained in McDonald, this construction is the only way to reconcile section 827.03(1) with section 827.04. Because of the difficulty in distinguishing between the two statutes, we certify the following question as one of great public importance:
WHETHER A SPANKING ADMINISTERED AS CORPORAL PUNISHMENT THAT RESULTS IN SIGNIFICANT BRUISES OR WELTS MAY CONSTITUTE FELONY CHILD ABUSE UNDER SECTION 827.03(1), FLORIDA STATUTES (2001).
*956 The extent of the student's injuries in this case was nothing more than "significant bruises or welts," and there was no corresponding mental injury under section 39.01(43), Florida Statutes (2001).[2] Accordingly, the spanking did not constitute felony child abuse as a matter of law, and the trial court erred in denying King's motion for judgment of acquittal. We therefore reverse and remand for his discharge.
Reversed and remanded.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] The State did not charge King with a violation of section 827.04, Florida Statutes (2001).
[2] The definition of "mental injury" under section 39.01(43), Florida Statutes (2001), applies to section 827.03, Florida Statutes (2001). DuFresne v. State, 826 So.2d 272, 278-79 (Fla.2002).