953 So.2d 33 (2007)
Jolanda W. JULIUS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1170.
District Court of Appeal of Florida, Second District.
March 23, 2007.
*34 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Jolanda W. Julius appeals a final judgment convicting her of two counts of child abuse pursuant to section 827.03(1), Florida Statutes (2004). The two counts arose out of wounds Ms. Julius inflicted on two of her children. Ms. Julius does not challenge the conviction for count 1, which involved her fourteen-year-old son. However, she argues that the evidence was insufficient to support the conviction for count 2, which involved her eight-year-old daughter. She relies upon a quote from our opinion in King v. State, 903 So.2d 954, 955 (Fla. 2d DCA 2005), review denied, 908 So.2d 1058 (Fla.2005), to argue that she could not be convicted of felony child abuse because she inflicted only "significant bruises or welts" upon the younger child. We affirm the conviction. We write to distinguish this case from King.
On December 21, 2004, at approximately 7 p.m., a woman in a car noticed two children walking down the road. She was on her way to a nearby hospital. She stopped to question the children and ultimately brought them with her to the hospital, where she turned them over to law enforcement. Apparently the older child received some medical treatment for his injuries, but the younger child did not require any significant treatment.
The children reported that they were running away after having received a beating by their mother. According to the children, the altercation began when their mother was in a hurry to get to work on time and the children were unable to find her shoe. The children testified that the mother beat them with the wooden leg of a table, which had a metal screw at the top to connect it to the table top. Apparently, the family had recently moved and the table had not been completely reassembled. The younger child had bruises on her arms and wrists from this beating. She also had bruises around her neck, which she testified were the result of another recent incident in which her mother tried to choke her. There was evidence that the choking occurred within the time frame alleged in the information. The older boy had similar, albeit somewhat more severe, injuries.
As a result of these events, the State filed an information charging Ms. Julius with aggravated child abuse, a first-degree felony, see § 827.03(2), Fla. Stat. (2004), for the injuries to her son, and child abuse, a third-degree felony, see § 827.03(1), for the injuries to her daughter. The two counts were tried together and both children testified. Ms. Julius did not testify, but her earlier statements to the police were introduced into evidence. In those statements, she acknowledged that she had been unable to find her shoe and some *35 money on the morning of the incident, but she denied punishing the children or hitting them with the table leg. She claimed that the worst implement she ever used in disciplining the children was a yardstick.
On count 1, the jury convicted Ms. Julius of the lesser-included offense of child abuse of her son. On count 2, the jury convicted Ms. Julius, as charged, to child abuse of her daughter. She was sentenced to two concurrent terms of three years' imprisonment.
Ms. Julius argues that she was entitled to a judgment of acquittal on count 2. She argues that the injuries to her daughter were not sufficiently severe to support a conviction for child abuse. In effect, Ms. Julius asserts a parental privilege to inflict corporal punishment as a full legal defense to this count. To support her argument, she quotes the following portion of King, 903 So.2d at 955: "[S]pankings that result in `significant bruises or welts' do not rise to the level of felony child abuse, which requires `more serious beatings that do not result in permanent disability or permanent disfigurement.' See State v. McDonald, 785 So.2d 640, 646 (Fla. 2d DCA 2001)."[1]
In King, this court reviewed the child abuse conviction of a school administrator who had paddled a child in conformity with an established school disciplinary policy. The parents of each child at the school had been informed of and consented to that policy. According to our opinion, the paddling left "significant welts and bruises on [the child's] buttocks as a result of the paddling, but [the injuries] did not require medical treatment." Id. at 955. We classified the paddling as "corporal punishment" and held, "[T]he spanking did not constitute felony child abuse as a matter of law." Id. at 955, 956; see also State v. Figarola, 788 So.2d 1109 (Fla. 3d DCA 2001) (holding that father's act of twice striking son in the face, splitting his lip, and forcing child to eat food as punishment for child's failure to eat the dinner father prepared and served was not felony child abuse as a matter of law).
This case is obviously distinguishable on its facts from King and Figarola. Both King and Figarola involved cases in which the defendant could legitimately argue that the questioned conduct was "discipline." In King, the spanking was an act of discipline performed pursuant to a school conduct policy. The striking of the son in Figarola was also an attempt by a parent to address the perceived misconduct of a child who refused to eat. As we stated in McDonald, "we recognize that drawing a line between prohibited child abuse and permissible corporal punishment, administered by parents who believe in this form of discipline, is not an easy task." 785 So.2d at 647.
This case, however, does not legitimately involve the "spare the rod, spoil the child" debate. There is no evidence that Ms. Julius used a wooden table leg with a protruding screw as a legitimate form of discipline to punish some specific misbehavior of the two children. While using such a weapon on the arms and legs of these children might well have been child abuse even if used as a legitimate form of discipline, we do not need to decide that question because the jury in this case was free to decide that Ms. Julius was beating her children as an outlet for her own frustration over the loss of her shoe and without any disciplinary purpose. The same is true for the bruises on the neck of this *36 child. Nothing in this record suggests that the choking was thought by Ms. Julius to be an act of discipline.
Indeed, contrary to Ms. Julius's argument, the State might have been able to proceed on a charge of aggravated child abuse for the injuries to both the son and daughter. Under section 827.03(2), aggravated child abuse occurs when a person "maliciously punishes" a child. Based upon amendments to this statute in 2003,[2] "maliciously" is defined as
wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.
§ 827.03(4).
The evidence in this case would have permitted a jury to find that no reasonable parent would have attacked their children with a table leg for any "valid reason" and that the primary purpose of the act was to cause the children unjustifiable pain or injury. As a result, the trial court correctly denied the motion for judgment of acquittal. The judgment, based upon the jury verdict for two counts of child abuse, is affirmed.
Affirmed.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] This is not the first time this argumentthat pursuant to King felony child abuse requires "something more" than "significant welts or bruises"has been made. See S.J.C. v. State, 906 So.2d 1115, 1117 n. 2 (Fla. 2d DCA 2005).
[2] Ch.2003-130, § 1, Laws of Fla.