957 So.2d 676 (2007)
Christopher Anthony CZAPLA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3090.
District Court of Appeal of Florida, First District.
April 30, 2007.
Rehearing Denied June 8, 2007.
*677 Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Tracy Lee Cooper, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Christopher Anthony Czapla appeals his conviction for felony child abuse of his son. Because, as a matter of law, the conduct of Czapla was not reasonable corporal punishment by a parent, we affirm the conviction.
Czapla was charged following an incident with his teenage son. According to the son's testimony, he slept late one weekend morning, a day on which he had agreed to rake a neighbor's yard. Czapla awoke the son, but the son explained it was too late to get started on the yard work because he was required to be some-where else by mid-morning. Later that morning, Czapla confronted the son about not doing the yard work as agreed and, an argument ensued. Then, according to the son, Czapla punched the son in the head, pushed him into an adjoining room and onto the floor, and, while the son was on the floor, kicked the son in the side. Later that day, the son met with his mother, who is estranged from Czapla. His mother contacted the police. At the time of the incident, the son was 15 years old and weighed at least 160 pounds.
Czapla was charged with a violation of section 827.03(1), Florida Statutes (2004), child abuse without causing great bodily harm, permanent disability or permanent disfigurement. The case was tried by the court without a jury. The defense moved for judgment of acquittal at the close of the State's case-in-chief, and again at the close of all evidence, arguing that, to obtain *678 a conviction for felony child abuse, the State must prove some significant harm to the child. After much discussion about the admittedly complex law regarding child abuse when committed by a parent or one standing in loco parentis, the trial court denied Czapla's motion. Czapla was thereafter adjudicated guilty of the charged offense.
Generally, "an appellate court will not reverse a conviction that is supported by competent, substantial evidence." Johnston v. State, 863 So.2d 271, 283 (Fla.2003). "If, after viewing the evidence in a light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Reynolds v. State, 934 So.2d 1128, 1145 (Fla. 2006). However, a judgment of acquittal is proper if the State fails to prove a prima facie case of guilt when the evidence is viewed in the light most favorable to the State. We review court rulings on motions for judgment of acquittal de novo. Johnston, 863 So.2d at 283; Reynolds, 934 So.2d at 1145.
Section 827.03(1) provides that "a person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree. . . ." The statute defines "child abuse," as follows:
(1) "Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.
§ 827.03(1), Fla. Stat. (2004). The legislature has not exempted parents from prosecution under this statute. See Raford v. State, 828 So.2d 1012, 1019-1020 (Fla. 2002), and State v. McDonald, 785 So.2d 640, 647 (Fla. 2d DCA 2001).
In Raford, the Florida Supreme Court considered an inter-district conflict regarding whether a parent or one acting in loco parentis could claim immunity from prosecution for simple child abuse. The Court observed that "[c]ourts and legislative bodies have repeatedly recognized the difficulty in delineating a precise line between permissible corporal punishment [by a parent] and prohibited child abuse," and that "this difficult task is principally a legislative function, better left to the Legislature." Id. at 1020-1. The Raford court held that "a parent or one standing in loco parentis has no absolute immunity and may be convicted of the lesser offense of felony child abuse under section 827.03(1)." Id. at 1021 (footnote omitted). The Court did recognize that "a parent may assert as an affirmative defense his or her parental right to administer `reasonable' or `nonexcessive' corporal punishment, i.e., a typical spanking, in a prosecution for simple child abuse." Id. at 1020.
Corporal punishment or corporal discipline is not defined in chapter 827. However, section 39.01(30)(a)4, Florida Statutes (2004), provides:
4. Inappropriate or excessively harsh disciplinary action that is likely to result in physical injury, mental injury as defined in this section, or emotional injury. The significance of any injury must be evaluated in light of the following factors: the age of the child; any prior history of injuries to the child; the multiplicity of the injury; and the type of trauma inflicted. Corporal discipline may be considered excessive or abusive when it results in any of the following or other similar injuries. . . .
A list of injuries ranging from "drowning" to "[s]ignificant bruises or welts" is *679 then set forth. This section provides one of several definitions of "harm" for the purposes of Chapter 39, Florida Statutes, a chapter which governs the child protection system in Florida and which establishes the bases of and procedures for the removal of children from parental custody.[1] The courts in Raford and McDonald have found guidance in the definition of "corporal discipline" contained in section 39.01(30)(a)4, when reviewing a conviction, under chapter 827, for child abuse by a parent who has claimed to have engaged in corporal discipline. Raford, 828 So.2d at 1018-1019, and McDonald, 785 So.2d at 646. We find the first sentence of section 39.01(30)(a)4 to be useful as well in determining the bounds of "reasonable" or "nonexcessive" corporal discipline. The sentence provides that harm can occur from: "Inappropriate or excessively harsh disciplinary action that is likely to result in physical injury, mental injury as defined in this section, or emotional injury." Further, we conclude that section 39.01(30)(a)4 should be read in pari materia with the definition of child abuse given in section 827.03(1), which provides in part that child abuse includes an "intentional act that could reasonably be expected to result in physical or mental injury to a child. . . ."
As we read Raford, if a parent establishes the affirmative defense of reasonable parental corporate punishment, the considerations under section 827.03(1) are modified and the offense that may be sustained depends directly upon the type of injury sustained by the child. In Judge Altenbernd's opinion in State v. McDonald, quoted with approval by the supreme court in Raford, 828 So.2d at 1019, he explained that
if a parent can be charged with the misdemeanor offense under section 827.04 when a spanking results in significant welts, the legislature intended more serious beatings that do not result in permanent disability or permanent disfigurement to be treated as simple child abuse under section 827.03(1). This reserves aggravated child abuse to cases involving parental discipline that results in great bodily harm or permanent disabilities and disfigurements or that demonstrates actual malice on the part of the parent and not merely a momentary anger or frustration.
785 So.2d at 646; see also King v. State, 903 So.2d 954, 955 (Fla. 2d DCA 2005)("spankings that result in `significant bruises or welts' do not rise to the level of felony child abuse, which requires more serious beatings that do not result in permanent disability or permanent disfigurement"), rev. denied, 837 So.2d 410 (Fla. 2003). If the parent fails to establish the affirmative defense of reasonable parental corporal punishment, section 827.03(1) is applied to the parent as to any other defendant.
Czapla argues on appeal that, under Raford, the parental corporal punishment must be sufficiently serious to cause injury greater than "significant bruises or welts" to constitute simple felony child abuse under section 827.03(1). Czapla further argues that, because the State did not prove that the son sustained more than significant bruises or welts, the conviction for child abuse cannot be sustained.
The case at bar differs from the typical case where the defense of reasonable corporal discipline is raised, however, because here Czapla did not administer a spanking *680 or other typical form of parental corporal punishment to his son. As noted, the injuries listed in section 39.01(30)(a)4a-k include injuries, such as burns and drowning, which clearly cannot result from spanking. Thus, it is apparent that, when the legislature enacted the substantial revisions to chapter 39, the legislature must have intended "corporal discipline" to include punitive actions beyond spanking and therefore, we are construing Czapla's conduct as corporal discipline.
On the basis of the plain meaning of the controlling statutory law, however, we reject Czapla's argument that his conduct was reasonable, and hence permissible corporal discipline by a parent, simply because the son did not sustain more than significant bruising or welts. Czapla did not show that he employed reasonable corporal discipline under the circumstances. Czapla's act in kicking his son while the son was laying on the ground was an "intentional act that could reasonably be expected to result in physical or mental injury" to the son, see section 827.03(1), Florida Statutes, and was an act that was "likely to result in physical injury" to the son. See § 39.01(30)(a)4. Thus, Czapla failed to establish the affirmative defense of reasonable parental corporal punishment. See also Julius v. State, 953 So.2d 33 (Fla. 2d DCA 2007). Because, given the form of discipline used, intentionally kicking a child who is lying on ground, Czapla's conduct was, as a matter of law, not reasonable corporal discipline, it is not necessary for us to consider whether there was harm actually sustained by the child. Accordingly, we AFFIRM Czapla's conviction for child abuse.
BROWNING, C.J., WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] Chapter 39, Florida Statutes, was substantially revised by chapter 98-403, Laws of Florida. The revisions included the definition of "harm" found in section 39.01(30), Florida Statutes (2004). Ch.98-403, § 20, Laws of Florida. See the discussion of these statutory revisions in Raford v. State, 828 So.2d at 1016-20.