978 So.2d 214 (2008)
Kathleen GARRETT, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D07-1301.
District Court of Appeal of Florida, Fifth District.
March 28, 2008.
*215 James S. Purdy, Public Defender, and Michael Olshefski, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
COHEN, J.
Kathleen Garrett appeals her conviction and sentence following a jury trial for the charge of child abuse. She challenges the sufficiency of the evidence and the accuracy of a jury instruction. We affirm.
The standard of review of a motion for judgment of acquittal is de novo. Pagan v. State, 830 So.2d 792, 803 (Fla. 2002). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the offense beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. Id.
Section 827.03(1), Florida Statutes (2004), provides in pertinent part:
"Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child;. . . .
A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree,. . . .
We conclude that sufficient evidence supported the jury's guilty verdict. Ms. Garrett was employed by the Seminole County School Board as a special education teacher assigned to provide vocational instruction to autistic children. The trial testimony reflected that Ms. Garrett placed her body weight upon a child with enough force and for a long enough period of time until he turned blue from a lack of oxygen. The jury was entitled to find that her conduct exceeded the scope of appropriate discipline and constituted child abuse.
We also determine that the jury was properly instructed on the statutory elements of the offense. The trial judge supplemented the standard jury instruction, which does not provide a definition of physical injury, with an instruction that "[p]hysical injury means asphyxiation, suffocation, or drowning." Ms. Garrett argues that it was fundamental error for the court to use that definition borrowed from section 39.01(30)(a)(4)e., Florida Statutes (2004).[1] We reject this contention. Section *216 39.01(30)(a)(4) should be read in pari materia with section 827.03(1) and is appropriately used by the courts to define excessive or abusive corporal discipline. Czapla v. State, 957 So.2d 676, 679 (Fla. 1st DCA 2007), review denied, 969 So.2d 1012 (Fla.2007); State v. McDonald, 785 So.2d 640, 645-46 (Fla. 2d DCA 2001).
It is the responsibility of the court to correctly and intelligently instruct the jury on the essential and material elements of the crime. Battle v. State, 911 So.2d 85, 88 (Fla.2005). The use of an inaccurate and less stringent definition of a material disputed element of the crime may constitute fundamental error when it reduces the State's burden of proof. Gryphon v. State, 847 So.2d 589, 593 (Fla. 5th DCA 2003) (holding fundamental error occurred in prosecution for aggravated child abuse when instructions recited the unamended standard jury instruction on malice, instead of the more stringent standard adopted in State v. Gaylord, 356 So.2d 313 (Fla.1978)).
The abbreviated instruction may have simplified the jury's duty to apply the facts to the law, but that does not necessarily equate with an inaccuracy that rises to the level of fundamental error as seen in Gryphon, 847 So.2d 589,[2] and similar cases.[3] The jury was also instructed that corporal discipline that does not result in harm to the child did not constitute criminal child abuse.[4] Therefore, they had to conclude that the child suffered asphyxiation and physical injury as a result of Ms. Garrett's actions to reach their verdict. If anything, this definition inured to her benefit by narrowing the conduct that potentially subjected her to prosecution. We find no error.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] Section 39.01(30)(4)e., Florida Statutes (2004), defines "harm" and specifies that "corporal discipline may be considered excessive or abusive when it results in any of the following or other similar injuries: . . . e. Asphyxiation, suffocation, or drowning." This section was renumbered effective July 1, 2006, to section 39.01(31)(4)e. Ch. 06-86, § 1, at 1283, Laws of Fla.
[2] Accord Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000).
[3] See Caldwell v. State, 920 So.2d 727 (Fla. 5th DCA 2006) (concluding fundamental error occurred when wholly inaccurate instruction on carrying a concealed weapon by a convicted felon allowed jury to find defendant guilty without deciding whether a paring knife was a "concealed weapon").
[4] Whether this instruction, which effectively precluded a finding of guilt under section 827.03(1)(b), was appropriate is not before us for determination. See Czapla, 957 So.2d at 679.