980 So.2d 1189 (2008)
STATE of Florida, Appellant,
v.
Ngo Lanh NGUYEN, Appellee.
Nos. 5D07-2163, 5D07-2181.
District Court of Appeal of Florida, Fifth District.
April 25, 2008.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellant.
Charles E. Willits, Orlando, for Appellee.
*1190 PALMER, C.J.
In this consolidated appeal, the State appeals the trial court's orders dismissing Count I of two separate informations. We reverse.[1]
The State filed two separate cases against Ngo Lanh Nguyen (defendant), an instructor at a martial arts fitness center. The victims alleged that, in addition to offering instructions in martial arts, the defendant offered "energy sessions" which were, in reality, massage sessions. The victims further alleged that the defendant acted improperly during these massage sessions. In each case, the defendant was charged with the felony of practicing a health care profession without a license in violation of section 456.065(2)(d)1 of the Florida Statutes (2005), and the misdemeanor of holding oneself out as a massage therapist without a license, in violation of section 480.047(1)(a) of the Florida Statutes (2005). In each information, Count I alleged the felony charge, while Count II alleged the misdemeanor charge.
The defendant moved to dismiss Count I in each case, arguing that the specific misdemeanor statute governing massage therapists controlled over the more general felony statute covering health care professionals. The trial court agreed and, therefore, granted the defendant's dismissal motions. The State timely appealed. The appeals have been consolidated.
The State argues that the trial court erred in dismissing the felony counts because section 456.065(2)(d) of the Florida Statutes is unambiguous and expressly authorizes the State to prosecute an individual under both Chapter 456 and Chapter 480 of the Florida Statutes. We agree.
Under Chapter 456 of the Florida Statutes, which governs health professions and occupations, section 456.001(4) provides:
456.001. Definitions
As used in this chapter, the term:
* * *
(4) "Health care practitioner" means any person licensed under . . . chapter 480 [massage practice] . . .
§ 456.001(4), Fla. Stat. (2005). Section 456.065(2)(d)1. of the Florida Statutes provides:
456.065. Unlicensed practice of a health care profession; intent; cease and desist notice; penalties; enforcement; citations; fees; allocation and disposition of moneys collected
* * *
(2) The penalties for unlicensed practice of a health care profession shall include the following:
* * *
(d) In addition to the administrative and civil remedies under paragraphs (b) and (c) and in addition to the criminal violations and penalties listed in the individual health care practice acts:
1. It is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, to practice, attempt to practice, or offer to practice a health care profession without an active, valid Florida license to practice that profession. . . . 
§ 456.065(2)(d)1., Fla. Stat. (2005)(emphasis added).
Under Chapter 480 of the Florida Statutes, which specifically governs massage *1191 practices, section 480.047(1)(a) & (2) provides:
480.047. Penalties
(1) It is unlawful for any person to:
(a) Hold himself or herself out as a massage therapist or to practice massage unless duly licensed under this chapter or unless otherwise specifically exempted from licensure under this chapter.
* * *
(2) Any person violating the provisions of this section is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 480.047(1)(a) & (2), Fla. Stat. (2005)(emphasis added).
Chapter 456 expressly authorizes punishment for the practice of a health care profession without a license in addition to the specific punishments meted out by the statute governing massage therapy. The plain language of section 456.065(2)(d)1. authorizes the State to charge an individual under that statute "in addition" to charging the individual under section 480.047. As such, the defendant was properly charged under both statutes. See State v. Hobbs, 974 So.2d 1119 (Fla. 5th DCA 2008)(holding court's first consideration in interpreting a statute is to give effect to the intent of the Legislature as evidenced by the plain meaning of the text).
In closing, we note that a statute which authorizes prosecution of a particular criminal act as a felony is not rendered unconstitutional, as applied, even though that criminal act may also constitute a misdemeanor. State v. Cogswell, 521 So.2d 1081 (Fla.1988). As stated by the United States Supreme Court in United States v. Batchelder, 442 U.S. 114, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979):
[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. . . . The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.
Accordingly, we reverse the trial court's dismissal orders and remand for reinstatement of Count I on each information.
REVERSED and REMANDED.
PLEUS and EVANDER, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to rule 9.140(c)(1)(A) of the Florida Rules of Appellate Procedure.