ORFINGER, J.
 

 Christopher Pena appeals his conviction of child abuse in violation of section 827.03(1), Florida Statutes (2007). Pena' contends that because he had no parental or custodial relationship with the child, he cannot be convicted of child abuse. We disagree and affirm.
 

 T.D. and his brother were crossing a street on their bicycles when a ear in which Pena was a passenger honked its horn at them. Someone in the car cursed at the boys, and in response, T.D. “flipped off’ the occupants of the car while continuing to cross the street. The car came to an abrupt stop and Pena got out and approached the boys, who were on the sidewalk. After words were exchanged, Pena shoved T.D. off his bicycle. T.D. fell to the ground, slightly injuring his shoulder. Pena then got on top of T.D. in a threatening manner. When T.D. told Pena that he was only fourteen years old, Pena got off of him, threw the bicycle into the street, and left in the car. Subsequently, Pena was charged with child abuse.
 

 Section 827.03(1), Florida Statutes (2007), provides in pertinent part:
 

 (1) “Child abuse” means:
 

 (a) Intentional infliction of physical or mental injury upon a child;
 

 (b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; ...
 

 A
 
 person
 
 who knowingly or willfully abuses a child without causing great bodily harm ... commits a felony of the third degree....
 

 (emphasis added).
 

 Pena contends that because he had no parental or custodial relationship to T.D., he cannot be prosecuted for child abuse, but instead, should have been charged with battery. We disagree. It is fundamental that we give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature.
 
 Green v. State,
 
 604 So.2d 471, 473 (Fla.1992). Here, the plain and unambiguous language of the statute indicates that the crime is committed when a “person” abuses a child.
 
 Tate v. State,
 
 864 So.2d 44, 53 (Fla. 4th DCA 2003) (explaining that child abuse occurs when any person, not just a caretaker, abuses a child). There is no requirement that the abuse must be committed by a person in a parental or custodial relationship to the victim. We have considered Pena’s reliance on
 
 State v. Lanier,
 
 979 So.2d 365 (Fla. 4th DCA 2008), and
 
 Garrett v. State,
 
 978 So.2d 214 (Fla. 5th DCA 2008), but find them inapposite. Those cases, unlike the instant one, concern allegedly excessive or abusive corporal punishment.
 

 We are unpersuaded by the contention that Pena could have been charged with battery as it is within the discretion of the State Attorney in deciding whether
 
 *790
 
 and how to prosecute a defendant.
 
 See State v. Bloom,
 
 497 So.2d 2, 3 (Fla.1986). It is immaterial that the State may be influenced by the penalties available upon conviction.
 
 See United States v. Batchelder,
 
 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979);
 
 State v. Nguyen,
 
 980 So.2d 1189, 1191 (Fla. 5th DCA 2008).
 

 Finding no merit in the other issues raised by Pena, we affirm his conviction.
 

 AFFIRMED.
 

 MONACO, C.J., and PALMER, J., concur.