DAVIS, J.
Appellant, Vincent Chisolm, appeals his judgment and sentence for third-degree felony child abuse. He contends that the trial court erred in denying his motion for judgment of acquittal, in not instructing the jury on the charge of contributing to the dependency of a child, and in allowing the examining physician to render an opinion regarding the cause of the child’s injuries. We affirm Appellant’s conviction and write only to address his first argument.
The State charged Appellant with aggravated child abuse, and presented testimony at trial that Appellant repeatedly struck his seven-year-old son on his back and arms with a belt containing some type of metal circles or studs. The child testified that Appellant stopped hitting him at one point, got something to drink, and started “whipping” him again. The defense presented testimony that Appellant struck his child because the child refused to finish his homework. The Director of the Child Protection Team, Dr. Samuel Moorer, testified that “virtually the entire surface of [the child’s] back and his right upper arm were covered with patterned bruises....” He further testified that the injuries were “pretty dramatic” and “quite extensive.” In addition to bruising, Dr. Moorer saw several circular marks approximately one centimeter in size. Appellant moved for a judgment of acquittal, arguing in part that he could only be convicted of contributing to the dependency of a child, a misdemeanor, because the child sustained nothing more than significant welts and bruises. The trial court denied Appellant’s motion and instructed the jury on aggravated child abuse and the lesser included offense of third-degree felony child abuse. It also instructed the jury on Appellant’s defense that a “parent has the right to administer reasonable or non-excessive corporal punishment.” The jury found Appellant guilty of the lesser included offense. This appeal followed.
. The trial court’s denial of Appellant’s motion for judgment of acquittal is reviewed de novo. Pagan v. State, 880 So.2d 792, 803 (Fla.2002). Appellant contends on appeal, as he did below, that because his child sustained no more than significant bruises or welts, he could be convicted of contributing to the dependency of a child, a first-degree misdemeanor under section 827.04, Florida Statutes, but not third-degree felony child abuse under section 827.03(1). In support of his argument, Appellant relies in part upon State v. McDonald, 785 So.2d 640 (Fla. 2d DCA 2001), and Raford v. State, 828 So.2d 1012 (Fla. 2002), which approved both McDonald and Raford v. State, 792 So.2d 476 (Fla. 4th DCA 2001), a case in which the Fourth District affirmed the appellant’s felony child abuse conviction for striking his girlfriend’s child with a belt.
In Raford, the supreme court held that a parent or one standing in loco parentis has no absolute immunity and may be convicted of felony child abuse under section 827.03(1). 828 So.2d at 1021. In holding such, the supreme court cited portions of McDonald wherein the Second District addressed amendments to the child abuse statutes and amendments to chapter 39. Id. at 1018. The amendments to chapter 39 designated certain types of excessive corporal punishment as civil child abuse and provided that corporal discipline may be considered excessive or abusive when it results in significant bruises or welts. Id. at 1018-19. The supreme court quoted the Second District as follows:
[A]fter 1998, a parent who spanked a child with such force or repetition as to *306 cause significant bruises or welts could be considered to have abused the child under chapter 39. Even if the Department of Children and Families did not initiate a dependency proceeding, the State could charge the parent with contributing to the dependency of a minor [a misdemeanor under section 827.04] for such conduct.... [I]f a parent can be charged with the misdemeanor offense under section 827.04 when a spanking results in significant welts, the legislature intended more serious beatings that do not result in permanent disability or permanent disfigurement to be treated as simple child abuse under section 827.03(1).
Id. at 1019 (quoting McDonald 785 So.2d at 646).
The Second District subsequently held that a spanking that results in significant bruises or welts does not rise to the level of felony child abuse but instead may constitute the misdemeanor of contributing to the dependency of a child under section 827.04. See King v. State, 903 So.2d 954, 955 (Fla. 2d DCA 2005).
Thereafter, in Czapla v. State, 957 So.2d 676 (Fla. 1st DCA 2007), the appellant appealed his conviction for third-degree felony child abuse, arguing, as Appellant does in this case, that, under Raford, the parental corporal punishment must be sufficiently serious to cause injury greater than significant bruises or welts in order for it to constitute felony child abuse. 957 So.2d at 679. According to the appellant’s son’s testimony in Czapla, the appellant punched him in the head for failing to do yard work, pushed him into an adjoining room and onto the floor, and kicked him in the side while he was on the floor. Id. at 677. We concluded that, pursuant to Ra-ford, if a parent establishes the affirmative defense of reasonable parental corporal punishment, the considerations of section 827.03(1) are modified and the offense that may be sustained depends directly upon the type of injury sustained by the child. Id. at 679. We rejected the appellant’s argument that his conduct was reasonable and permissible simply because his son did not sustain more than significant bruising or welts. Id. at 680. We noted that the facts of the case before us differed from a typical case where the defense of reasonable corporal discipline is raised because the appellant did not administer a spanking or other typical form of corporal punishment. Id. at 679-80. In affirming the conviction, we held that intentionally kicking a child who is lying on the ground was, as a matter of law, not reasonable corporal punishment. Id. at 680.
In this case, Appellant focuses only upon the child’s injuries in arguing that his actions did not amount to felony child abuse. However, as we held in Czapla, before looking to the child’s injuries, it must be determined whether the actions at issue constituted reasonable corporal punishment. We hold that Appellant’s act of repeatedly striking his child across his back and arms with a belt containing some type of metal objects cannot be likened to a typical spanking or other form of reasonable corporal punishment. Cf. Raford, 828 So.2d at 1020 (“Thus, it is not that felony child abuse by a parent is a nonexistent crime, but rather a parent may assert as an affirmative defense his or her parental right to administer ‘reasonable’ or ‘nonex-cessive’ corporal punishment, i.e., a typical spanking, in a prosecution for simple child abuse.”).
Accordingly, Appellant’s conviction for third-degree felony child abuse is AFFIRMED.
KAHN and HAWKES, JJ., concur.