LAWSON, J.
 

 Yulanda E. Powell appeals her conviction for felony child abuse arising from an incident in which she allegedly hit, kicked and choked her teenage son, and threatened or attempted to hit him with a cement weight. We reverse the conviction and remand for a new trial based upon the trial court’s error in denying Powell the opportunity to cross-examine her son regarding the details of his juvenile probation (which Powell contended to be the motive for her son’s fabrication of facts that served as a basis for the charge against her).
 
 See Pennsylvania v. Ritchie,
 
 480 U.S. 39, 51-52, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (“Of course, the right to cross-examine includes the opportunity to show that a witness is biased, or that the testimony is exaggerated or unbelievable.”) (citations omitted);
 
 Watts v. State,
 
 450 So.2d 265, 267 (Fla. 2d DCA 1984) (“In a criminal trial the defendant has the absolute right to fully cross-examine adverse witnesses to discredit them by showing bias, prejudice, interest, or possible ulteri- or motive for testifying. This is particularly so where a key witness is being examined.”) (citations omitted). We find no error in the denial of Powell’s motion for judgment of acquittal based upon the defense of parental privilege,
 
 Chisolm v. State,
 
 58 So.3d 304 (Fla. 1st DCA 2011), or in the trial court’s refusal to instruct the jury using a proffered instruction on the defense. Even if the evidence had supported giving this instruction, Powell’s proposed instruction did not accurately reflect the law.
 
 Id.
 
 We address one other issue for the benefit of trial coui't and the parties in the event of a second trial.
 

 Before the first trial, Powell moved in limine to preclude the State from eliciting testimony from her son about an uncharged incident during which she allegedly pulled a knife on him. In response, the State explained that it planned to present evidence that Powell overheard a phone conversation in which her son told his father about the knife incident, and that this is what precipitated and motivated the charged conduct — making the prior
 
 *923
 
 incident relevant to the charged offense.
 
 See generally Griffin v. State,
 
 639 So.2d 966, 970 (Fla.1994) (explaining that evidence of uncharged misconduct can be relevant and admissible when “necessary to adequately describe the events leading up to” commission of the charged offense). Based upon this argument, the trial court denied the motion in limine. Powell does not argue that this ruling was erroneous at the time it was made, but claims error in that the State never presented the promised evidence necessary to link the two incidents.
 
 [1]
 
 We conclude that this issue was not preserved for appellate review.
 

 Normally, a motion in limine and a definitive ruling are sufficient to preserve an argument for appeal without the need to contemporaneously object when the evidence is admitted at trial.
 
 See
 
 § 90.104(l)(b), Fla. Stat. (2010) (providing in relevant part that when a “court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection ... to preserve a claim of error for appeal”). However, when an eviden-tiary ruling is made before trial based upon representations as to how the evidence will unfold, the judge’s ruling is “definitive” only as to the facts as represented. In this case, for example, Powell’s counsel would not have needed to renew her objection at trial so long as the State had presented evidence that Powell overheard her son telling his father about the knife incident immediately before her alleged attack.
 
 See Tolbert v. State,
 
 922 So.2d 1013, 1017 (Fla. 5th DCA 2006) (“[Pjursuant to the amendment, if a party files a motion in limine prior to trial, the trial court’s ruling on that motion sufficiently preserves the evidentiary issue for appellate review.”). However, if the evidence introduced at trial materially differs from the pre-trial representations relevant to an issue addressed in a motion in limine, we believe it to be incumbent upon the objecting party to revisit the issue in light of the changed circumstances. Here, for example, when the victim testified that Powell could not have overheard the telephone conversation he was having with his father immediately before the attack, Powell’s counsel should have moved to strike the victim’s prior testimony regarding the knife incident — and for a mistrial — in light of the State’s inability to link the prior incident to the charged offense. Because we are reversing on other grounds, we need not determine whether the admission of evidence regarding the knife incident constituted fundamental error, but we instruct that any reference to the knife incident be excluded on retrial.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 ORFINGER, C.J. and TORPY, J„ concur.
 

 [1]
 

 . To the apparent surprise of the prosecutor, the victim testified that Powell could
 
 not
 
 overhear the telephone conversation with his father. And, the State presented no other evidence from which the jury could have concluded that Powell did overhear the conversation.