# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1446

_____

MICHAEL HALL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

December 18, 2018

WETHERELL, J.

Appellant was convicted of felony child abuse for whipping his 11-year-old son with a belt.  On appeal, he argues that (1) the trial court erred in denying his motion for a judgment of acquittal, (2) the trial court committed fundamental error by not instructing the jury on the parental-discipline affirmative defense, and (3) defense counsel's failure to request this instruction was ineffective assistance of counsel on the face of the record.  We find no merit in any of these arguments and write only to address the claim of fundamental error in the jury instructions.

The material facts were not in dispute.  Appellant and the child's mother got into an argument while driving home from Publix.  Appellant's son, who was also in the car, grabbed

Appellant's balled-up fist and put his hand on Appellant's shoulder to prevent Appellant from hitting his mother. Upon arrival at the house, Appellant snatched the child out of the car, took him into the house, and gave him "a few licks" with his belt. The belt broke the child's skin causing him to bleed and left marks that were visible several days later.

The trial court gave the jury the standard instruction for child abuse. *See* Std. Jury Instr. (Crim.) 16.3. However, defense counsel did not request, and the court did not give, the instruction on the parental-discipline affirmative defense, which states: "It is not a crime for a parent of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline." *Id.; see also Raford v. State*, 828 So. 2d 1012, 1020 (Fla. 2002) (rejecting argument that child abuse by a parent is not a crime, but explaining that "a parent may assert as an affirmative defense his or her parental right to administer 'reasonable' or 'nonexcessive' corporal punishment").

The jury found Appellant guilty as charged. The trial court adjudicated Appellant guilty and sentenced him as a habitual felony offender to five years in prison followed by five years of probation.

On appeal, Appellant argues that the trial court committed fundamental error by not instructing the jury on the parental-discipline affirmative defense. We disagree.

Where, as here, the trial court fails to instruct the jury on an affirmative defense, fundamental error occurs only when the defendant is deprived of a fair trial. *See Martinez v. State*, 981 So. 2d 449, 455 (Fla. 2008). A defendant is deprived of a fair trial if the omitted instruction "[1] divests the defendant of his or her 'sole, or ... primary, defense strategy' *and* [2] that defense is supported by evidence adduced at trial that could not be characterized as 'weak.'" *McCoy v. State*, 56 So. 3d 37, 40 (Fla. 1st DCA 2010) (quoting *Martinez*, 981 So. 2d at 455-56) (emphasis added).

Here, although Appellant's sole defense was that the child's injuries occurred while Appellant was disciplining him, that

2

defense was extremely weak because there was no evidence that the child committed any misbehavior that would arguably justify discipline. Rather, the undisputed evidence showed that the child was given a whipping for trying to prevent Appellant from hitting his mother in the car. The parental-discipline affirmative defense affords no protection to Appellant under these circumstances. *See Julius v. State*, 953 So. 2d 33, 35 (Fla. 2d DCA 2007) (affirming mother's child abuse conviction where evidence showed that she beat her children as an outlet for her own frustration not as a legitimate form of discipline to punish some specific misbehavior).

For these reasons, we affirm Appellant's conviction and sentence.

AFFIRMED.

WOLF and LEWIS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.