420 So.2d 862 (1982)
Roy Allen STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 57971.
Supreme Court of Florida.
August 26, 1982.
Rehearing Denied November 9, 1982.
*863 Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Roy Allen Stewart appeals his conviction of first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm this conviction and sentence.[1]
A Dade County grand jury issued a fourcount indictment charging Stewart with first-degree murder, robbery with a weapon, sexual battery with force likely to cause serious bodily injury, and burglary of an automobile with a weapon. The charges stemmed from the robbery and sexual battery of an elderly woman and her death by beating and strangulation. The victim suffered eight broken ribs, brain hemorrhages due to blows to the head, two human bites, a fractured larynx and lacerations of the vagina. The medical examiner testified that she was alive when all the injuries occurred and that the cause of death was multiple blunt trauma. The jury found Stewart guilty of all charges and recommended the death penalty for the homicide conviction.
Stewart alleges that a comment by the trial court to the prospective jurors so prejudiced him that a new trial is required. A trial judge should not convey to a jury any intimation as to the court's opinion of the case. Raulerson v. State, 102 So.2d 281 (Fla. 1958). We find that the judge's remark did not violate this rule and did not prejudice Stewart's defense.[2]
In his second point Stewart alleges that the trial court committed fundamental error by failing to instruct the jury on the intent to permanently deprive another of property as an element of robbery.[3] This specific intent is a requisite element of the crime of robbery. Bell v. State, 394 So.2d 979 (Fla. 1981). At the time of Stewart's trial, however, the standard jury instructions did not contain intent to permanently deprive as an element of robbery, and Stewart's jury did not receive such an instruction. The district courts of appeal have considered this issue and have held that fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict. Gibson v. State, 403 So.2d 1019 (Fla. 3d DCA 1981), review granted, Feb. 15, 1982; Williams v. State, 400 So.2d 542 (Fla. 3d DCA), review denied, 408 So.2d 1096 (Fla. 1981). See Leary v. State, 406 So.2d 1222 (Fla. 4th DCA 1981). In the instant case Stewart took the stand in his defense and admitted that he stole personal property from the victim. Intent to permanently deprive another of property, therefore, was not at issue due to Stewart's admission. *864 We find no merit to Stewart's claim on this issue.
Stewart also claims that the trial court's failure to grant a continuance prior to sentencing so that another psychological examination could be performed denied him the effective assistance of counsel. Because the facts on which this claim is based are evident on the record before this Court, this contention is cognizable on appeal.[4] We find, however, no merit to this claim. The record shows that defense counsel had sufficient psychiatric evaluations to work with at the time of sentencing. It appears that another psychiatric examination would have been merely cumulative. A motion for continuance is addressed to the sound discretion of the trial court,[5] and we find neither an abuse of discretion regarding the instant claim nor a denial of effective assistance of counsel.
Prior to trial, three psychiatrists examined Stewart; each found him competent to stand trial and able to assist in his defense. On the day the sentencing proceedings began (three days after the guilt phase ended), defense counsel moved for a continuance and appointment of a psychiatrist and a psychologist. The defense claimed that further psychological examinations specifically directed to the mitigating circumstances set out in subsections 921.141(6)(b), (e), and (f), Florida Statutes, were necessary to insure a fair sentencing proceeding. On appeal Stewart claims that the court's denial forced him to rely solely on lay testimony, thereby preventing the unlimited consideration of mitigating evidence as mandated by Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).
The trial court, in denying the motion, noted that two attorneys had been working diligently on Stewart's case for more than a month; she found them eminently prepared and commended their thorough trial conduct. In light of the previous psychological examinations which gave rise to the doctors' opinions that Stewart had the capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law, the court found another professional evaluation unwarranted. We agree. The defense could have called any or all of the examining psychiatrists and asked them on the witness stand if they had formed an opinion regarding the applicability of subsections 921.141(6)(b), (e), and (f) to Stewart. Such questioning and testimony would have been both permissible and appropriate. We find that the trial court in no way limited the presentation or consideration of mitigating evidence and hold that the trial court did not abuse its discretion by refusing to grant the continuance.
Stewart also alleges that the court erred, under Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), by excusing for cause a prospective juror who, although opposed to the death penalty, could have been an impartial juror. A review of the voir dire of this prospective juror reveals his total opposition to the death penalty and that he did not believe in the death penalty under any circumstances. We find that the trial judge neither committed a Witherspoon violation nor abused her discretion by excusing this prospective juror.
As his final point on appeal Stewart alleges that numerous infirmities in the sentencing proceeding require that he be given a new sentencing hearing. Our review of the record shows these claims to be without merit.
The state asked the medical examiner a single question about how much pain a person being electrocuted feels. Defense counsel then stated, "I object," but presented no grounds or arguments to support the objection. Defense's subsequent cross-examination of this doctor on the effects *865 of electrocution extends for four pages in the transcript, and we find no error in the court's overruling the objection. Additionally, the court properly disallowed the testimony of a defense witness who had observed numerous executions. Shriner v. State, 386 So.2d 525 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981).
Stewart also claims that the state introduced improper aggravating evidence, exceeded the scope of cross-examination, and argued nonstatutory aggravating circumstances to the jury. The record, however, shows that the complained-of evidence supported the statutory aggravating factors, that the state conducted a proper cross-examination, and that the final argument fell within the wide latitude permitted for argument.
After resting in the sentencing proceeding, but prior to argument, the defense requested permission to reopen its case to put on one more witness. The defense wanted this witness, a detective, to testify as to the contents of a sworn statement made by an acquaintance of Stewart's. To support his request defense counsel stated that he wanted to show that the acquaintance had lied in her statement. Before this Court, however, Stewart claims that disallowing this testimony precluded him from showing evidence of remorse because the acquaintance's statement said that Stewart had told her he was sorry for what he had done.
Reopening a case for additional testimony is discretionary, Hoey v. Fletcher, 39 Fla. 325, 22 So. 716 (1897). Notwithstanding the failure to object to the court's ruling,[6] we find that the trial court did not abuse her discretion in this instance. Moreover, by changing his assessment of the import and effect of the sworn statement Stewart has improperly raised in this Court a ground for review not brought before the trial court.
We also find that the trial court did not err in refusing to give all of Stewart's proposed instructions or in finding that five aggravating,[7] but no mitigating circumstances had been established. As the trial court pointed out, the standard sentencing instructions adequately cover the matters included in the proposed instructions. There is no evidence that the judge and jury failed to properly weigh and consider the evidence presented to them, and the record amply supports the trial court's written findings of fact.
Finding no error in this well-prepared and well-tried case, we affirm both the conviction and sentence.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] Although not questioned on appeal, we have found no error regarding Stewart's convictions of robbery, sexual battery, and burglary and, therefore, affirm those convictions and their attendant sentences.
[2] Additionally, we note that Stewart failed to object to the court's comment. We have previously held that if an allegedly improper comment is not objected to, an appellate court will not reverse a conviction unless the comment is so prejudicial as to be fundamental error. Ross v. State, 386 So.2d 1191 (Fla. 1980).
[3] We note that defense failed to object to the instructions given at trial.
[4] Generally, ineffective assistance of counsel is a collateral matter which should be addressed through a motion for post-conviction relief. See Knight v. State, 394 So.2d 997 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980).
[5] Magill v. State, 386 So.2d 1188 (Fla. 1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981); Fla.R.Crim.P. 3.190(g)(2).
[6] Defense counsel merely acquiesced in the court's denial.
[7] The court found the following aggravating factors under § 921.141(5), Fla. Stat.: under sentence of imprisonment; previous conviction of crime involving use or threat of violence; felony murder; pecuniary gain; and heinous, atrocious, and cruel.