MILLS, Judge.
This is an appeal of a sentence entered following a conviction for possession of cocaine and possession of a firearm by a convicted felon. Antunovich contends that he was illegally sentenced by the trial court according to the sentencing guidelines, and that he was denied effective assistance of counsel. We affirm in part and reverse in part.
Antunovich was charged by information with possession of cocaine, possession of a firearm by a convicted felon, possession of less than 20 grams of cannabis and possession of drug paraphernalia. He pled nolo contendere to the first two counts and the State nol prossed the remaining charges.
On 4 June 1985, Antunovich appeared for sentencing and received a term of 30 months imprisonment under Count II, possession of a firearm, and three years of probation under Count I, possession of cocaine, ordered to be served upon the expiration of his prison term. In sentencing in this manner, the trial court relied upon two scoresheets.
Rule 3.701(d)(1), Fla.R.Crim.P., provides that only one scoresheet shall be prepared for each defendant covering all offenses pending before the trial court for sentencing. Rule 3.701(d)(3) indicates which single scoresheet is the correct one to be used. Accordingly, it was error for Antunovich to receive two sentences under two separate scoresheets, and we reverse and remand for resentencing in line with the scoresheet prepared with possession of a firearm by a convicted felon as the primary offense.
As to Antunovich’s second contention, the issue of adequacy of representation by counsel cannot properly be raised for the first time on direct appeal unless the facts on which the claim is based are evident on the record before the court. Stewart v. State, 420 So.2d 862 (Fla.1982). We find Antimovich’s assertion that he was denied effective assistance of counsel due to lack of preparation by his attorney is not evident from the instant record. Therefore, we affirm on this issue without prejudice for Antunovich to raise the question again in a motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P.
Affirmed in part, and reversed and remanded in part.
WENTWORTH and NIMMONS, JJ., concur.