592 So.2d 741 (1992)
Steve Anthony TIMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-3155 to 90-3159.
District Court of Appeal of Florida, First District.
January 14, 1992.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Steve Anthony Tims, was convicted and sentenced as an habitual violent felony offender for numerous offenses, including grand theft, aggravated battery of a law enforcement officer and armed robbery, in five separate cases consolidated for purposes of appeal. We affirm appellant's convictions and sentences in all respects, and in doing so, write to discuss appellant's challenge to the constitutionality of the Habitual Felony Offender Act, Section 775.084, Florida Statutes, and to distinguish this court's recent opinion in Cecil B. Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991).
In Cecil B. Johnson, this court held Chapter 89-280, Laws of Florida, amending section 775.084, the habitual felony offender statute, a violation of the one-subject rule of the Florida Constitution.[1] We note, however, that the narrow holding of Cecil B. Johnson, is predicated on two factors: (1) appellant Johnson had standing to challenge the constitutionality of Chapter 89-280 because his offense was committed within the time period between the October 1, 1989, effective date of the 1989 amendments to the habitual felony offender provisions and their re-enactment, effective May 2, 1991, as a part of the Florida Statutes, See State v. Combs, 388 So.2d 1029 (Fla. 1980); (2) appellant Johnson could only be classified an habitual violent felony offender under the amended statute, as the offense which served as a basis for his classification as an habitual violent felony offender, a 1987 conviction for aggravated battery, was added by Chapter 89-280 to the list of offenses which will support classification as an habitual violent felony offender. § 775.084(1)(b)1.k. Fla. Stat. (1989).
In the present case, although appellant Tims' present offenses were committed within the "window" period described in Cecil B. Johnson, appellant's prior offenses are such that he would qualify as an habitual violent felony offender under the 1988 statutory provisions. Because appellant would qualify as an habitual violent felony offender under the 1988 version of the statute, appellant may not challenge the constitutionality of Chapter 89-280. *742 See McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991). Accordingly, we affirm.
SHIVERS, ZEHMER and MINER, JJ., concur.
NOTES
[1] Art. III, § 6, Fla. Const. (1968), provides in part: "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title."