SHIVERS, Judge.
Appellant Brown was convicted and sentenced on charges of armed burglary (Count I), possession of burglary tools (Count II), grand theft of a firearm (Count III), and possession of a firearm by a convicted felon (Count IV). Outside the presence of the jury, the state and defense had stipulated that Brown had a prior felony conviction. The state subsequently admitted into evidence, without a defense objection, a certified judgment and sentence showing the prior conviction was of the crime of resisting arrest with violence. On appeal, Brown alleges his trial counsel was ineffective for failure to move to sever Count IV, possession of a firearm by a convicted felon, from the other counts. Appellant asserts that, because he did not testify on his own behalf, the jury would not have known about the prior felony conviction but for counsel’s failure to act. ■ We cannot determine, from the appellate record, whether the failure to move to sever Count IV unfairly prejudiced appellant. State v. Vazquez, 419 So.2d 1088 (Fla.1982). Accordingly, we decline to review this issue any further, inasmuch as the issue of ineffective assistance of counsel should be addressed in a Fla.R.Crim.P. 3.850 motion for post-conviction proceeding. See Stewart v. State, 420 So.2d 862, 864 & n. 4 (Fla.1982), cert. den., 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983) (ineffective assistance of counsel is collateral matter that may not be raised for the first time on appeal, unless facts on which claim is based are evident in appellate record); Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987); Antunovich v. State, 491 So.2d 328, 329 (Fla. 1st DCA 1986).
Appellant was sentenced as a habitual felony offender pursuant to section 775.084, Florida Statutes (1989), on Counts II through IV. He challenges the constitutionality of his habitualization, citing Johnson v. State, 589 So.2d 1370, 1371 (Fla. 1st DCA 1991), in which we reversed the case and remanded for resentencing on the ground that Chapter 89-280, Laws of Florida, which had amended the 1988 version of the habitual felony offender statute, violated the constitutional single-subject rule. We find appellant’s challenge to be without merit and affirm this point on appeal. See Tims v. State, 592 So.2d 741 (Fla. 1st DCA 1992). In Tims, we said our narrow holding in Johnson was predicated on two factors, only one of which applied to Tims: the occurrence of his present offenses within the time period when Chapter 89-280, Laws of Florida, applied. Because Tims’ prior offenses qualified him as a habitual violent felony offender under the 1988 version of the statute, we held he could not challenge the constitutionality of the 1989 amendments. See 592 So.2d at 742. Likewise, because appellant’s prior criminal record showed the two requisite felony convictions, he qualified as a habitual felony offender under section 775.084, Florida Statutes (Supp.1988). See McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991).
WIGGINTON and BARFIELD, JJ., concur.