PER CURIAM.
Appellant, who was sentenced as a habitual felony offender under section 775.084, Florida Statutes (Supp.1996), challenges the constitutionality of chapter 95-182, Laws of Florida, which amended the statute, on the ground that the act violated the single subject requirement included in Article II, Section 6, of the Florida Constitution. In support of his argument, appellant relies on Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla. 1998), in which the Second District found chapter 95-182 to be unconstitutional under the single subject rule.
We conclude that appellant lacks standing to bring this constitutional challenge, because he was adjudicated guilty and sentenced for a first degree felony, rather than a life felony, and he could have received a life sentence for a first degree felony under the predecessor statute. See § 775.084(4)(a)(1), Fla. Stat. (1993); Burton v. State, 616 So.2d 7 (Fla. 1993) (approving habitual felony offender sentence under amended statute that was found violative of the single subject rule, because defendant’s habitualization was not dependent upon amended provisions); Tims v. State, 592 So.2d 741 (Fla. 1st DCA 1992) (affirming defendant’s sentence as a habitual violent felony offender, even though statute was found unconstitutional for violation of the single subject rule, because defendant would qualify as habitual violent felony offender under predecessor statute).
AFFIRMED.
BARFIELD, C.J., and ERVIN and JOANOS, JJ., CONCUR.