PER CURIAM.
The order summarily denying postcon-viction relief is reversed. Since appellant was convicted and sentenced on October 12, 1998, his motion for postconviction relief was not untimely. See Fla. R.Crim. P. 3.850(b). To the extent that appellant has alleged errors and omissions by trial *516 counsel, such matters are cognizable in a Rule 3.850 motion. See Stewart v. State, 420 So.2d 862, 864 n. 4 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983) (“Generally, ineffective assistance of counsel is a collateral matter which should be addressed through a motion for post-conviction relief.”). Accordingly, we reverse and remand for attachment of portions of the record that conclusively refute appellant’s claims or, alternatively, for an evidentiary hearing. See Fla. R.Crim. P. 3.850(d).
GUNTHER, WARNER and HAZOURI, JJ., concur.