790 So.2d 1189 (2001)
Roy Dwayne THOMASON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1797.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
*1190 Maury Halperin, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
After pleading no contest, appellant was convicted of third degree grand theft, defined in section 812.014(2)(c), Florida Statutes (1997) and exploitation of an elderly person, defined in section 825.103(1)(a) and (b), Florida Statutes (1997). The convictions were based on the same facts, which were that he had obtained an amount of money less than $20,000 from a couple, in exchange for his agreement to perform home repairs, with no intent of performing the services and with the intent of permanently depriving them of the money. He argues that the two convictions violate double jeopardy because, although exploiting an elderly person contains one element (that the victim is an elderly person) that grand theft does not contain, grand theft contains no elements that are not included in the exploitation offense.
The state argues that there is a distinction because third degree exploitation involves any property valued less than $20,000 while third degree grand theft involves any property valued from $300 to $20,000. We disagree. Where the two crimes charged involved one act of taking the same property, the difference in value of the property in the two statutes does not create different elements for purposes of double jeopardy. Johnson v. State, 597 So.2d 798 (Fla.1992)(holding that the single act of snatching a purse which contained both money and a firearm, which were of different value, could not be the basis of separate convictions of grand theft of the money and grand theft of the firearm).
We therefore reverse for the trial court to vacate the conviction for grand theft. We find the other issues raised by the appellant to be without merit. Reversed.
GUNTHER and HAZOURI, JJ., concur.