823 So.2d 145 (2002)
Geoffrey Thomas WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2962.
District Court of Appeal of Florida, Fifth District.
June 7, 2002.
Rehearing Denied August 8, 2002.
Shannon McLin Carlyle, The Carlyle Appellate Law Firm, The Villages, Leesburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Geoffrey Thomas Williams, was charged with and pled nolo contendere to one count of exploitation of an elderly person and one count of third degree grand theft. He was adjudicated guilty of each count and given five years probation for each, to run consecutively.
On appeal Williams contends that the two judgments of conviction constitute double jeopardy; that it was an abuse of discretion by the trial court to adjudicate him guilty since he had no prior offenses; and, lastly, that the record fails to show that his waiver of right to trial was knowing and intelligent.
In respect to the double jeopardy argument Williams relies on Thomason v. *146 State, 790 So.2d 1189 (Fla. 4th DCA 2001) wherein the Fourth District held that convictions for both third degree exploitation and third degree grand theft constituted double jeopardy where both convictions were based on the taking of the same money from the victimized couples. He also contends this error is fundamental, therefore his failure to raise the issue below does not bar its consideration here. See Vasquez v. State, 778 So.2d 1068 (Fla. 5th DCA 2001).
In response to the double jeopardy contention, the state basically raises the same arguments that were rejected by the Fourth District opinion in Thomason. We agree with Thomason, however, and find that the two crimes charged involved one act of taking the same property, and the difference in value of the property in the two statutes does not create different elements for purposes of double jeopardy. Thomason at 1190. The grand theft conviction must be reversed.
We find Williams' remaining issues are without merit. Accordingly, we affirm the exploitation conviction and sentence and reverse the grand theft conviction and vacate the sentence therefor.
AFFIRMED IN PART; REVERSED IN PART.
PALMER and ORFINGER, R. B., JJ., concur.