823 So.2d 208 (2002)
John Willie RICH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2350.
District Court of Appeal of Florida, Second District.
July 26, 2002.
James Marion Moorman, Public Defender, and Frederick W. Vollrath, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
John Willie Rich appeals the trial court's judgment adjudicating him guilty of exploitation of the elderly and grand theft for which he received concurrent sentences of ten years' imprisonment. Five points have been raised on appeal, only one of which merits discussion. Mr. Rich asserts his convictions for grand theft and exploitation of the elderly violate principles of double jeopardy and requests that we reverse the conviction for grand theft. We agree and grant relief.
When the trial court sentenced Mr. Rich, it did not have the benefit of the decision in Thomason v. State, 790 So.2d 1189 (Fla. 4th DCA 2001), in which the Fourth District held that convictions for both grand theft and exploitation of the elderly violate double jeopardy when both *209 convictions are based on one act of taking the same property.[1] In Williams v. State, 823 So.2d 145 (Fla. 5th DCA 2002), the Fifth District considered this same issue and agreed that dual convictions for grand theft and exploitation of the elderly violate double jeopardy. The State acknowledges the decision in Thomason but contends that Thomason was wrongly decided because the court applied the Blockburger[2] test codified in section 775.021(4), Florida Statutes (1999), to determine whether the offenses were separate without first considering whether the legislature intended to authorize separate punishments for the two crimes in question.
"The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). If there is no clear statement of legislative intent to authorize separate punishments for two crimes, courts apply the Blockburger test codified in section 775.021(4), to determine whether separate offenses exist. Id. at 19-20. The State argues that application of the Blockburger test is not warranted in this case because the legislature clearly intended separate punishments for the crimes of grand theft and exploitation of the elderly.
We have reviewed the exploitation statute, section 825.103, Florida Statutes (1999), and the staff analysis of the bill which enacted the statute. See Fla. H.R. Comm. on Aging & Human Servs., H.B. 79, Bill Analysis and Economic Impact Statement (Final July 11, 1995). Neither the exploitation statute nor the staff analysis which preceded its passage provides a statement of legislative intent to authorize separate punishments for exploitation of the elderly and grand theft. In the absence of a clear statement of legislative intent, courts must apply the Blockburger "same elements" test to determine whether multiple punishments violate double jeopardy. Gordon, 780 So.2d at 19-20. Accordingly, we agree with Thomason's application of that test and with its conclusion that the two offenses are not separate because although the exploitation statute contains elements not found in the grand theft statute, the grand theft statute does not contain any element not included in the exploitation statute.
We therefore reverse the conviction and sentence for grand theft. We also reverse the sentence for exploitation of the elderly and remand for recalculation of a proper sentence.
Affirmed in part, reversed in part, and remanded for resentencing on the conviction for exploitation of the elderly.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] While more than one larcenous incident took place in the instant case, the two counts and subsequent convictions were based on only one of those incidents.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).