PER CURIAM.
The defendant appeals the summary denial of her motion for postconviction relief. She argues that her trial counsel was ineffective for failing to file a motion to dismiss a grand theft count that was a necessarily lesser included offense of another count for exploitation of an elderly person. We agree and reverse.
The case stemmed from an incident where the defendant wore a nurse’s uniform and pretended to be a caregiver at a hospital. She disconnected the victim from medical apparatus and took her to the bathroom where she stole the victim’s diamond ring. The victim’s roommate positively identified the defendant as the person who took the ring.
The State charged the defendant with burglary of a structure with a battery, exploitation of an elderly person, and third degree grand theft. She entered an open plea to the court. The court sentenced her as a habitual offender to 25 years in prison on the burglary, and concurrent terms of 10 years on the exploitation and grand theft charges.
She filed a belated direct appeal, which was consolidated with a direct appeal from the revocation of probation in a separate case. She raised only the issue of her habitual offender sentence in that appeal. This court affirmed. See Bruton v. State, 799 So.2d 1056 (Fla. 4th DCA 2001).
She then filed a timely rule 3.850 motion raising three issues, including counsel’s failure to file a motion to dismiss the grand theft count based on double jeopardy grounds, which the trial court denied. She relies on Thomason v. State, 790 So.2d 1189 (Fla. 4th DCA 2001), to support her argument on this issue. The State acknowledges the legitimacy of the double jeopardy issue, but suggests that the trial court properly denied the motion because Thomason had not been decided at the time of her conviction and sentence. We disagree.
In Thomason, this court reversed a conviction for grand theft where the defendant had also been convicted of exploitation of an elderly person. Because the two crimes involved one act of taking the same property, convictions on both counts violated double jeopardy. The underlying issue is the same in this case. The grand theft and exploitation charges involve the taking of the same property.
While Thomason had not yet been decided, this is an issue that trial counsel should have recognized. Failure to do so rendered counsel’s performance ineffective. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We therefore reverse and remand the case *1257 to the trial court to vacate the grand theft conviction and for resentencing.
FARMER, C.J., GUNTHER and MAY, JJ., concur.