PER CURIAM.
In this case filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we find no preserved reversible error apparent from the face of the record. However, we note that the trial court orally pronounced that the sentence imposed in this case was to run concurrently to any other sentence he was *703 then serving, but the concurrent area was not checked off on the written judgment and sentence. Although the written sentence contains a scrivener’s error, this Court cannot direct the trial court to correct the error because the issue was not preserved for appeal by the filing of a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). See Proctor v. State, 901 So.2d 994, 995 (Fla. 1st DCA 2005) (“[Tjhis court would not be able to address the [scrivener’s] errors because, absent the trial court’s ruling on a rule 3.800(b)(2) motion, these errors were not preserved.”); Aument v. State, 868 So.2d 682 (Fla. 5th DCA 2004).
Accordingly, we affirm the appellant’s judgment and sentence without prejudice to appellant’s filing a timely motion for postconviction relief to correct the sentencing discrepancy.
AFFIRMED.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., Concur.