992 So.2d 421 (2008)
Brian LEWIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1945.
District Court of Appeal of Florida, Third District.
October 15, 2008.
*422 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Ansley B. Peacock, Assistant Attorney General, for appellee.
Before RAMIREZ, WELLS, and ROTHENBERG, JJ.
ROTHENBERG, J.
After the defendant's first trial resulted in a hung jury and his second trial resulted in a mistrial, the defendant was tried and convicted in a third trial. When it was discovered that the transcript of his third trial could not be provided, the trial court conducted a hearing to reconstruct the record for appeal. The prosecutor who prosecuted the defendant, the trial judge who tried the case, the defendant's trial counsel (who represented the defendant in all three trials), and the defendant, were all present at this hearing and participated in reconstruction of the record. Everyone agreed as to all issues and matters. In this appeal, the defendant initially claimed that he is entitled to a new trial because: (1) meaningful appellate review is not possible where the entire trial transcript is missing; (2) there is no explanation why Count 3 (possession of a firearm by a convicted felon) was not severed in the third trial where that count was severed in the two previous trials; (3) defense counsel's failure to move to sever Count 3 in the third trial resulted in ineffective assistance of counsel that is apparent on the face of the record; and (4) the verdict form failed to permit the jury to find the defendant guilty of a lesser charge in Count 4. Upon review of the July 3, 2006 pretrial transcript, which was transcribed after submission of the briefs, the defendant now concedes that a new trial is not required as to his first three claims. For the reasons that follow, we affirm.
As the defendant candidly admits, the missing transcript does not deny this Court meaningful review. First, we note that the trial court was able to reconstruct the transcript in this case. The trial court recalled that this trial had been a "very *423 clean trial." The evidence was presented over the course of one day; both the State and the defense agreed that the witnesses testified consistent with their deposition testimony and that any discrepancies between their trial testimonies and deposition testimonies were "insignificant"; and neither side could recall any objection being raised in either opening statements or closing arguments. Additionally, the July 3, 2006 pretrial transcript, which was provided as a supplement to the appellate record, reflects that, prior to trial, defense counsel actually requested that all counts be tried during one trial after the State indicated it was going to proceed on the possession of a firearm by a convicted felon charge first. The transcript also reflects that the trial court questioned the defendant under oath about whether he agreed with his lawyer to try all of the counts in one trial, and he stated that he did. During the reconstruction of the trial transcript, defense counsel remembered that the defendant specifically agreed (stipulated) to inform the jury that he was a convicted felon, and the trial judge stated that it was her practice to conduct a colloquy with a defendant when such a stipulation is offered. The July 3, 2006 transcript unequivocally supports these recollections. The parties also agreed that the defendant did not object to the jury verdict form provided to the jury. And as already indicated, this case was tried two times prior to the instant trial, and there are transcripts of those proceedings.
When requesting a new trial on the basis of a missing or lost transcript, the defendant bears the burden of demonstrating that a prejudicial error occurred in the trial court. Jones v. State, 923 So.2d 486, 489 (Fla.2006); see also Armstrong v. State, 862 So.2d 705, 721 (Fla.2003) (finding that a new trial was not warranted where the defendant "failed to link a meritorious appellate issue to the allegedly missing record and thus cannot establish that he was prejudiced by its absence"); Darling v. State, 808 So.2d 145, 163 (Fla. 2002) (rejecting Darling's argument that because there was no record of the hearings, meaningful review was precluded, and concluding that a new trial was not warranted where Darling failed to demonstrate prejudice).
Because the prosecutor, trial judge, the defendant's trial counsel, and the defendant all participated in the reconstruction of the record, and the parties were able to reconstruct the record, there was no disagreement as to what occurred, and the defendant has not demonstrated any prejudice, we conclude that meaningful review has been afforded. Thus, the absence of a trial transcript does not require a new trial.
It is undisputed that Count 3, possession of a firearm by a convicted felon, was severed in the first and second trials; the defendant requested that this count be tried with the other three counts in the third trial; the trial court granted the defendant's motion to try all counts in a single trial; and the defendant stipulated to informing the jury that he had been previously convicted of a felony. The defendant was charged with possession with intent to sell cocaine, possession of cocaine with a firearm, possession with intent to sell marijuana, and possession of a firearm by a convicted felon.
The July 3, 2006 pretrial transcript reflects that defense counsel decided to try all of the counts in one trial after the State announced that it intended to proceed with the firearm charge first (unlike in the two previous trials where the State proceeded with the drug charges first), and that the defendant agreed to defense counsel's strategic decision. Defense counsel explained that the person who allegedly purchased the drugs from the defendant was a defense witness who would testify that he did not purchase the cocaine from the defendant, *424 thus calling the officer's credibility into question. Defense counsel explained that, because the defendant also claimed he did not possess the firearm, his prints were not found on the firearm, and it would be his word against that of the officer, if the jury believed the defense witness that the defendant did not sell him the cocaine, this evidence could cast reasonable doubt as to the officer's credibility regarding his possession of the firearm. Because the record is clear that the count for possession of a firearm by a convicted felon was tried with the other charges at the request of the defendant's trial counsel, and the defendant, when questioned by the trial court stated that he agreed with his counsel's trial strategy, it is clear that a single trial of all charges does not constitute apparent ineffective assistance of counsel. See Brown v. State, 604 So.2d 20, 21 (Fla. 1st DCA 1992) (finding that the failure of defense counsel to sever a possession of a firearm by a convicted felon charge from other charges tried, does not constitute ineffective assistance of counsel that can be determined on the face of the record and thus must be raised in a rule 3.850 motion for postconviction relief).
The final point raised by the defendant in this appeal relates to the verdict form utilized by the jury. Because the defendant admits that he failed to object to the verdict form at trial, the issue was not preserved for appellate review. See State v. Jefferson, 758 So.2d 661, 665 (Fla.2000). Because the jury found the defendant guilty of possession with intent to sell cocaine while armed with a firearm, and the defendant stipulated to being a convicted felon, we find no fundamental error requiring a new trial on this ground.
Affirmed.