CONFESSION OF ERROR

LAGOA, J.
Appellant Randy Chaviano (“Chaviano”) appeals from his conviction and sentence for second degree murder and possession of drugs with intent to sell. We vacate the judgment and sentence under review, and remand the case to the trial court to conduct a new trial.
In 2009, after an eight-day trial, Chavi-ano was convicted of second degree murder and possession of drugs with intent to sell. However, with the exception of a suppression hearing, the court reporter was unable to produce a transcript of the eight-day trial for use in Chaviano’s appeal. After this Court relinquished jurisdiction to the trial court to allow for reconstruction of the record pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), the trial court entered an order finding that based on the matters raised in the respective pleadings, the complexity of the trial, and the number of significant matters in dispute, the transcript in this case cannot be reconstructed.
Because the parties have been unable to reconstruct the trial transcript, and Chavi-ano has shown specific prejudice, see Jones v. State, 923 So.2d 486, 489 (Fla.2006); cf. Lewis v. State, 992 So.2d 421, 423 (Fla. 3d DCA 2008), the State concedes that his conviction and sentence should be reversed *1292 and the case remanded for a new trial. See N.B. v. State, 48 So.3d 1084 (Fla. 2d DCA 2010); A.B. v. State, 816 So.2d 1269 (Fla. 3d DCA 2002). We agree. Accordingly, we vacate Chaviano’s judgment and sentence and remand the case for a new trial.
REVERSED and REMANDED for new trial.