IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHEENA LATSON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-3620

_____/

Opinion filed June 17, 2016.

An appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

David W. Collins, Collins Law Firm, Monticello, Terry Roberts of the Law Office
of Terry P. Roberts, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

In this direct appeal, appellant Sheena Latson raises six claims of ineffective

assistance of counsel. Because appellant's claims are not apparent on the face of

the record, they must be addressed by motion for post-conviction relief. See

Beazley v. State, 148 So. 3d 552, 554 (Fla. 1st DCA 2014) ("Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal."); see also Aversano v. State, 966 So. 2d 493, 494-95 (Fla. 4th DCA 2007) ("With rare exceptions, ineffective assistance of counsel claims should be raised in a motion for post-conviction relief because they are generally fact-specific."); Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002) (stating that an ineffective assistance of counsel claim may be considered on direct appeal "when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation of the conduct is inconceivable").

Appellant also alleges the order of probation incorrectly indicates that she entered a plea of nolo contendere rather than showing she was found guilty after a jury trial. Because Appellant did not raise this claim to the trial court either by objection at sentencing or by motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), she is not entitled to relief. See Thomas v. State, 763 So. 2d 316, 316 n.1 (Fla. 2000) (refusing to correct an unpreserved scrivener's error where neither the defendant nor the State sought to correct it by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)); Perkins v. State, 53 So. 3d 1141 (Fla. 2d DCA 2011) (refusing to address scrivener's error in the written judgments and sentences "because it was

not preserved either before this appeal by objection in the trial court or while this appeal was pending by the filing of a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)"); Johnson v. State, 954 So. 2d 702, 702-03 (Fla. 1st DCA 2007) (refusing to correct failure to check "concurrent" on written sentence, a scrivener's error, "because the issue was not preserved for appeal by the filing of a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)"); Proctor v. State, 901 So. 2d 994, 995 (Fla. 1st DCA 2005) (refusing to correct scrivener's errors in written judgment because "absent the trial court's ruling on a rule 3.800(b)(2) motion, these errors were not preserved").

AFFIRMED.

RAY and OSTERHAUS, JJ., CONCUR; WINOKUR, J., CONCURS WITH OPINION.

WINOKUR, J., concurring.

In this appeal, appellant does not raise a single claim of preserved error or even a claim that any error below is fundamental. Instead, appellant identifies numerous alleged specific instances of "ineffective assistance of counsel on the face of the record," and seeks correction of a scrivener's error that she never asked the trial court to correct. I concur in the majority opinion, but write separately to discuss the growing frequency of claims of "ineffective assistance of counsel on the face of the record" as an unjustifiable substitute for claims of fundamental error.

*A. Appellate review in criminal cases*

Section 924.051(2), Florida Statutes, provides that the right to direct appeal "may only be implemented in strict accordance with the terms and conditions" as set forth in that statute. Section 924.051(3), Florida Statutes, prohibits an appeal in a criminal case unless the claimed error is properly preserved or, if not properly preserved, constitutes fundamental error. The Legislature could have added "or constitutes ineffective assistance of counsel on the face of the record" if it wished to permit a second exception to the preservation requirement, but it did not. In other words, if the defendant does not properly preserve a claimed error, the only statutorily-authorized basis for appellate relief is a showing that the error is fundamental. As the Supreme Court has put it, "the sole exception to the

4

contemporaneous objection requirement is fundamental error." <u>Harrell v. State</u>, 894 So. 2d 935, 941 (Fla. 2005).

A fundamental error is one that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." <u>State v. Delva</u>, 575 So. 2d 643, 644-45 (Fla. 1991) (quoting <u>Brown v. State</u>, 124 So. 2d 481 (Fla. 1960)). This standard is "stringent," <u>Jackson v. State</u>, 983 So. 2d 562, 565 (Fla. 2008), and the Supreme Court has "cautioned appellate courts to 'exercise their discretion concerning fundamental error "very guardedly.""" <u>Farina v. State</u>, 937 So. 2d 612, 629 (Fla. 2006) (quoting <u>Ray v. State</u>, 403 So. 2d 956, 960 (Fla. 1981)). No doubt the fundamental error standard is difficult to meet, as is its design.

It seems clear that fundamental error is the "sole exception" to the general rule that a party must preserve errors to raise them on appeal. But this clarity has been blurred by the use of a wholly different theory to permit appeals of issues not raised at trial. Instead of arguing that the unpreserved error was fundamental, more and more defendants are claiming on appeal that their trial counsel was ineffective for failing to raise at trial whatever alleged error they wish to raise on appeal and that this ineffectiveness itself provides a basis for reversal on direct appeal. To the extent that any such alleged errors are not fundamental, I believe this constitutes an unwarranted extension of unpreserved errors that may be raised on direct appeal.

*B. Ineffective assistance of counsel*

"[D]efendants facing felony charges are entitled to the effective assistance of competent counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970); Amend. VI; U.S. Const.; Art. I, § 16, Fla. Const. The standards for a claim of ineffective assistance of counsel are well-known. The defendant must show: (1) that his counsel's performance was deficient, meaning that it was unreasonable under prevailing professional norms; and (2) that the deficiency prejudiced the defense, meaning that it undermines confidence in the outcome of the trial by creating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The procedure for raising a claim of ineffective assistance of counsel is likewise well known: the defendant must make sworn allegations in the trial court by motion for postconviction relief pursuant to Florida Rules of Criminal Procedure 3.850 or 3.851. "The trial court is the more appropriate forum to present such claims where evidence might be necessary to explain why certain actions were taken or omitted by counsel." <u>McKinney v. State</u>, 579 So. 2d 80, 82 (Fla. 1991). An appellate court "normally considers the merits of ineffective assistance of counsel claims after a postconviction motion has been filed under the applicable rule of criminal procedure and ruled upon by the trial court following the

completion of any necessary evidentiary proceedings." <u>Robards v. State</u>, 112 So. 3d 1256, 1266 (Fla. 2013).

This procedure makes sense because ineffective assistance of counsel claims are "generally fact-specific," <u>Aversano v. State</u>, 966 So. 2d 493, 495 (Fla. 4th DCA 2007), and "both sides are entitled to present relevant evidence to the trial court to resolve those issues." <u>Gordon v. State</u>, 469 So. 2d 795, 798 (Fla. 4th DCA 1985) (Anstead, C.J., concurring specially). Moreover, counsel accused of unprofessional errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," <u>Strickland</u>, 466 U.S. at 687, ought to be afforded an opportunity to explain their actions, which cannot happen in an appellate proceeding. <u>See</u> <u>Dennis v. State</u>, 696 So. 2d 1280, 1282 (Fla. 4th DCA 1997) (noting that "[w]hen a motion for post-conviction relief is first raised in the trial court, trial counsel and the state have a full opportunity to refute the claim that the representation of a defendant amounted to a constitutional violation").

*C. Consideration of ineffective assistance of counsel on direct appeal*

The processes set forth above apply the most basic principles relating to review of criminal convictions: direct appeals are intended to address errors of the trial court, whereas collateral proceedings are intended to address deficiencies attributable to other parties in the criminal justice process, such as defense counsel,

prosecutors,[1] or police.[2] Claims that could have been raised on direct appeal generally may not be raised in a postconviction motion, see Bundy v. State, 497 So. 2d 1209, 1210 (Fla. 1986), and as stated above, collateral claims generally may not be raised on direct appeal.

The concept of "ineffective assistance of counsel on the face of the record" that could be raised on direct appeal intruded into this straightforward division of jurisdiction in the 1980s. Previously, the Florida Supreme Court had stated unconditionally that the issue of adequacy of representation by counsel "cannot properly be raised for the first time on direct appeal, since . . . it is a matter that has not previously been ruled upon by the trial Court." State v. Barber, 301 So. 2d 7, 9 (Fla. 1974) (citation omitted). "[T]he interests of justice do not require review of counsel's claimed inadequacy" on direct appeal because "Cr.P.R. 3.850 provides a means by which this issue may properly be resolved in a correct procedural setting in the trial court where evidence may be taken . . . ." Id.

However, in the early 1980s the Florida Supreme Court considered two direct appeal cases addressing claims that actions of the trial court deprived the defendant of the effective assistance of counsel. See Foster v. State, 387 So. 2d 344 (Fla. 1980) (reversing conviction on direct appeal where trial court's action in making a joint appointment of counsel and allowing the joint representation to

---

[1] For instance, claims under Giglio v. United States, 405 U.S. 150 (1972).
[2] For instance, claims under Brady v. Maryland, 373 U.S. 83 (1963).

8

continue in spite of actual conflict between codefendants, even where counsel did not object); Stewart v. State, 420 So. 2d 862, 864 (Fla. 1982) (considering—but rejecting—claim that the trial court's failure to grant a continuance denied him the effective assistance of counsel because "the facts on which this claim is based are evident on the record before this Court"). The appellants in Foster and Stewart did not actually seek relief because trial counsel was ineffective; instead, they alleged errors of the trial court that implicated their right to effective assistance of counsel.

The district courts, however, read Stewart as establishing a rule that a claim directly challenging the adequacy of counsel could be raised on direct appeal, as long as the error was "apparent on the face of the record." See e.g., Whitaker v. State, 433 So. 2d 1352, 1353 (Fla. 3d DCA 1983); Gordon, 469 So. 2d at 795; Antunovich v. State, 491 So. 2d 328, 329 (Fla. 1st DCA 1986). I submit these cases misread Stewart. Again, the defendant in Stewart did not seek relief because counsel performed ineffectively; rather, he sought relief because the trial court denied a continuance, which he claimed deprived him of effective counsel. Regardless, these cases ended up establishing a new ground for direct appeal as an "exception" to the rule of State v. Barber that ineffective-assistance claims could not be raised on direct appeal.

Perhaps section 924.051, enacted in 1996, was intended to stop the questionable recognition of this new ground for appellate relief, by prohibiting

9

direct appeals for errors unless they were preserved or fundamental. Following the enactment of section 924.051, this Court occasionally refused to consider ineffective-assistance claims on direct appeal because they were inconsistent with the new statute. See Wingate v. State, 729 So. 2d 492, 493 (Fla. 1st DCA 1999) (finding an ineffective assistance claim not properly raised on direct appeal in light of the enactment of section 924.051, Florida Statutes); Seccia v. State, 720 So. 2d 580, 582 (Fla. 1st DCA 1998), rev'd on other grounds, 764 So. 2d 573, 574 (Fla. 2000) (declining to address ineffective assistance of counsel issue "because to do so would effectively nullify the preservation requirement contained in section 924.051"). But the proscriptions of section 924.051 have slowly disappeared from the case law in this area, and ineffective assistance of counsel claims on direct appeal have stormed back. By my reckoning, the frequency of these claims has picked up considerable speed in the past ten years.

In summary, I conclude that the practice of permitting claims of ineffective assistance of counsel on direct appeal stemmed from a misreading of case law, and is directly contrary to controlling statutory law. If defense counsel did not raise an issue below, an appellant must demonstrate that the error meets the stringent fundamental-error standard in order to secure relief on direct appeal. The appellant should not be permitted to circumvent this standard by claiming that the failure to raise issues constitutes ineffective assistance, which entails a different standard that

could provide an easier path to reversal, and which deprives trial counsel of the opportunity to defend themselves against allegations of unprofessional conduct.

I recognize that the Florida Supreme Court, very recently and for the first time, reversed a conviction on the basis of an unpreserved, non-fundamental error, finding trial counsel was ineffective for failing to preserve the error. Monroe v. State, 41 Fla. L. Weekly S192 (Fla. Apr. 28, 2016).[3] The Court found that trial counsel's failure to move for judgment of acquittal, which resulted in the defendant's conviction for a capital felony, was one of the "rare examples" of ineffective assistance of counsel that should have been remedied on direct appeal. Id. at S195. Given the statutory proscription against appealing errors that are not preserved or fundamental, I would limit the holding of Monroe to its facts. Certainly the alleged instances of ineffective assistance in this case do not come close to this standard.

In addressing the use of direct appeal to address a claim of ineffective assistance of counsel, the Second District noted "[t]here is probably a high correlation between errors that may be corrected as fundamental error on direct appeal in the absence of preservation by trial counsel . . . and errors that may be

---

[3] The fact that the Court found no fundamental error but did find that counsel's failure to move for judgment of acquittal constituted ineffective assistance evidence on the face of the record supports the contention that in some instances, direct-appeal ineffective assistance employs an easier standard to meet than the fundamental-error standard.

11

corrected as ineffective assistance of counsel on direct appeal." <u>Corzo</u>, 806 So. 2d at 645 n.2. This is undoubtedly true, but the conclusion I draw from it is that these issues should be raised as fundamental error rather than ineffective assistance of counsel. At the very least, claims of ineffective assistance of counsel on direct appeal should hew as closely as possible to the fundamental-error standard, in order to preserve the statutory scheme for criminal appeals and to ensure fairness for counsel accused of unprofessional conduct.