# Third District Court of Appeal

## State of Florida

Opinion filed March 07, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1939
Lower Tribunal No. 11-31678
_____

**Lazaro Parrondo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

ROTHENBERG, C.J.

Lazaro Parrondo ("the defendant") appeals his conviction for exploitation of an elderly person or disabled adult based on an alleged jury instruction error. Specifically, the defendant claims that the trial court gave a jury instruction that omitted an element of the charged offense; the omitted element was an element disputed at trial; and although the defendant's trial counsel failed to object to the defective jury instruction, the error was fundamental; and thus, he is entitled to a new trial. Alternatively, the defendant argues that his trial counsel's failure to object to the defective jury instruction demonstrates ineffective assistance of counsel on the face of the record. We agree with the defendant that the jury instruction given was defective, and the defective jury instruction constitutes fundamental error because the instruction omitted a necessary element of exploitation of an elderly person or disabled adult; the omitted element was a disputed element at trial; and the omission of this element improperly reduced the State's burden of proof. However, as will be more fully explained below, the remedy in this case is not a new trial.

## Summary of the Case

The exploited elderly person or disabled adult in this case is the defendant's aunt, Rosa O. Montero, who has an eighth-grade education, does not speak English, and was seventy-nine years old on the date of the offense. The State presented evidence at trial that the defendant and his girlfriend moved into Ms. Montero's

home and began living with her in 2008. Ms. Montero owned her home since 1967, and in 2008, there was no mortgage on the property.

On June 10, 2008, shortly after moving into his aunt's home, the defendant brought Ms. Montero to a title company where she signed papers written in English establishing a reverse mortgage on her home and providing a lump-sum payment to Ms. Montero in the amount of $154,528.23, a payment which was wired to Ms. Montero's account. The defendant, who was unemployed and had obtained control over Ms. Montero's checkbook, used the funds from the reverse mortgage to purchase a 2006 Cadillac Escalade for $65,000 on July 2, 2008, and a 2006 Mercedes-Benz 350 on March 13, 2009.

The State presented evidence that, at the time Ms. Montero entered into the reverse mortgage, she lacked the capacity to understand or consent to the transaction. Ms. Montero was diagnosed with dementia in 2005, and her neurologist testified that when Ms. Montero executed the reverse mortgage in 2008, she was not capable of understanding the transaction.

The defendant, however, contended that Ms. Montero possessed the capacity to consent and did consent to the transactions. Thus, Ms. Montero's mental capacity and the defendant's knowledge of Ms. Montero's mental capacity were disputed issues at trial.

3

## The Defective Jury Instruction

Section 825.103, Florida Statutes (2008), titled "Exploitation of an elderly person or disabled adult, penalties," provides as follows:

(1) "Exploitation of an elderly person or disabled adult" means:

(a) **Knowingly, by deception or intimidation**, obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:

1. Stands in a position of trust and confidence with the elderly person or disabled adult; or

2. Has a business relationship with the elderly person or disabled adult; or

(b) Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, **by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent**.

(2)(a) If the funds, assets, or property involved in the exploitation of the elderly person or disabled adult is valued at $100,000 or more, the offender commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b) If the funds, assets, or property involved in the exploitation of the elderly person or disabled adult is valued at $20,000 or more, but less than $100,000, the offender commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c) If the funds, assets, or property involved in the exploitation of an elderly person or disabled adult is valued at less than $20,000, the offender commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(emphasis added).

Thus, in 2008, the State could prove a section 825.103 exploitation of an elderly person or disabled adult violation by either establishing that: (1) the defendant, who was in a position of confidence and trust, **knowingly deceived or intimidated the victim**; or (2) the defendant **knew or should have known that the victim lacked the capacity to consent**.[1] The State proceeded under the second theory—that the defendant knew or should have known that Ms. Montero lacked the mental capacity to enter into the reverse mortgage and to consent to the defendant's use of the reverse mortgage proceeds for his own benefit. The jury, however, was not instructed that, in order to find the defendant guilty of exploitation of an elderly person or disabled adult, the State was required to prove beyond a reasonable doubt that the defendant knew or should have known that Ms. Montero lacked the capacity to consent. Instead, the jury instruction, was as follows:

EXPLOITATION OF AN ELDERLY PERSON OR A DISABLED ADULT

---

[1] Section 825.103 has since been amended. In 2009, the statute was amended to add a third way to prove the offense, not applicable here. In 2014, the statute was amended to eliminate the element of "knowingly, by deception or intimidation" under section 825.103(1)(a), and in 2015, the Florida Supreme Court amended the jury instructions to reflect this change.

5

To prove the crime of Exploitation of an Elderly Person or Disabled Adult, the State must prove the following four elements beyond a reasonable doubt:

1. Rosa O. Montero was an elderly person or a disabled adult.
2. Lazaro Parrondo knowingly obtained or used or endeavored to obtain or use Rosa O. Montero's funds, assets, or property.
3. Lazaro Parrondo did so with the intent to
   a. temporarily or permanently deprive Rosa O. Montero of the use, benefit, or possession of her property;
   b. benefit someone other than Rosa O. Montero.
4. At the time, Lazaro Parrondo stood in a position of trust and confidence or had a business relationship with Rosa O. Montero.

If you find Lazaro Parrondo guilty of Exploitation of an Elderly Person or a Disabled Adult, you must then determine whether the State has proven beyond a reasonable doubt that:
a.      the funds, assets, or property involved in the exploitation of the elderly person or disabled adult are valued at $50,000 or more;

"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.

"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.

"Endeavor" means to attempt or try.

"Lacks capacity to consent" means an impairment by reason of mental illness, developmental disability, organic brain disorder, physical illness or disability, chronic use of drugs, chronic intoxication, short-term memory loss, or other cause, that causes an

6

elderly person or disabled adult to lack sufficient understanding or capacity to make or communicate reasonable decisions concerning the elderly person's disabled adult's person or property.

This instruction, unfortunately, was defective under both theories of prosecution under the statute—the State's theory under section 825.103(1)(b) (that the defendant obtained the property when he knew or should have known Ms. Montero lacked the capacity to consent), or the uncharged theory not relied on by the State under section 825.103(1)(a) (that the defendant stood in a position of trust with Ms. Montero or based on his business relationship with Ms. Montero, knowingly, by deception or intimidation, obtained Ms. Montero's property).  Specifically, under section 825.103(1)(b), the instruction omitted the element that the defendant knew or should have known Ms. Montero lacked the capacity to consent, and under section 825.103(1)(a), the instruction omitted the element that the defendant knowingly by deception or intimidation obtained Ms. Montero's property.  Instead, the instruction conflated the two theories of prosecution but was deficient under either theory.

### Fundamental Error

The defendant's trial counsel failed to object to the defective jury instruction.  Thus, the defendant must establish that the error was fundamental error.  An error is deemed fundamental "when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process."  J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998).  The failure to instruct the jury on an element of a crime is

7

fundamental error if the element was disputed at trial. <u>Reed v. State</u>, 837 So. 2d 366, 369-70 (Fla. 2002), <u>see also</u> <u>Garcia v. State</u>, 901 So. 2d 788, 794 (Fla. 2005) (holding that when an essential element of a crime is in dispute at trial, such as the knowledge of the illicit nature of the substance in a possession case, the failure to instruct the jury on that element is fundamental error).

The defendant disputed at trial that Ms. Montero was deceived or that she lacked the capacity to consent. Thus, the omission of the elements that Ms. Montero lacked the capacity to consent and that the defendant knew or should have known that she lacked the capacity to consent were material to what the jury was required to consider and to what the State was required to prove in order to convict. <u>See</u> <u>State v. Delva</u>, 575 So. 2d 643, 645 (Fla. 1991) (holding that an erroneous jury instruction constitutes fundamental error "when the omission is pertinent or material to what the jury must consider in order to convict") (quoting <u>Stewart v. State</u>, 420 So. 2d 862, 863 (Fla. 1982)). We, therefore, conclude that the defective instruction given in the instant case constitutes fundamental error.

## The Remedy

Although the giving of an erroneous or defective jury instruction that omits a disputed element of the offense generally necessitates a new trial, a new trial is not required in this case. That is because the defendant was also charged with grand theft in the second degree, the jury found the defendant guilty of grand theft in the second

8

degree, and grand theft in the second degree is a lesser included offense of exploitation of an elderly person or disabled adult. <u>See</u> Fla. Std. Jury Instr. (Crim.) 14.9 (listing grand theft as a category two lesser included offense of exploitation of the elderly); <u>Rich v. State</u>, 823 So. 2d 208, 208-09 (Fla. 2d DCA 2002) (finding that convictions for both exploitation of the elderly and grand theft based on the taking of the same property violates double jeopardy because, although exploitation of the elderly contains an element not found in the grand theft statute, the grand theft statute does not contain any element not included in the exploitation statute); <u>Thomason v. State</u>, 790 So. 2d 1189, 1190 (Fla. 4th DCA 2001).

The proper remedy in this case is, therefore, the entry of a verdict for grand theft in the second degree and the correction of the judgment and sentence to reflect a conviction for grand theft in the second degree as a lesser included offense of exploitation of an elderly person or disabled adult. <u>See</u> <u>Jaimes v. State</u>, 51 So. 3d 445, 451 (Fla. 2010) (noting that under section 924.34 of the Florida Statute, "when an appellate court vacates a conviction but determines that the evidence establishes the defendant's guilt as to a lesser included offense, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the . . . lesser included offense.") (quotation omitted).

**<u>Conclusion</u>**

Although the defendant's trial counsel failed to object to the defective exploitation of the elderly jury instruction, we conclude that the omission of the element that Ms. Montero lacked the capacity to consent constitutes fundamental error because that element was a disputed issue at trial. However, because the State charged the defendant with grand theft based on the same conduct, the jury found the defendant guilty beyond a reasonable doubt of grand theft in the second degree, and grand theft in the second degree is a lesser included offense of exploitation of an elderly person or disabled adult, we reverse the conviction and judgment for exploitation of an elderly person or disabled adult and remand for the entry of a conviction and judgment for the lesser included offense of grand theft in the second degree.

Reversed and remanded with instructions.